Murtaugh v. The City of St. Louis.

———————◆———————

JAMES MURTAUGH, Respondent, v. THE CITY OF ST. LOUIS, Appellant.

1. *Damages — Corporations — City of St. Louis — Hospital — Non-paying patient.*— The city of St. Louis is not liable in damages to a non-paying patient at the City Hospital for injuries resulting from the negligence and misfeasance of the officers and servants of that institution.

2. *Damages — Corporations — Negligence — Charity cases.*—Where the officer or servant of a municipal corporation is in the exercise of a power conferred upon the corporation for its private benefit, and injury ensues from the negligence or misfeasance of such officer or servant, the corporation is liable, as in the case of private corporations or parties. But where the acts or omissions complained of were done or omitted in the exercise of a corporate franchise conferred upon the corporation for the public good, and not for private corporate advantage, the corporation is not liable for the consequence of such acts or omissions on the part of officers and servants.

*Appeal from St. Louis Circuit Court.*

*Reber*, city counselor, for appellant.

A municipal corporation is not civilly liable for the nonfeasance, or malfeasance, or misfeasance, of its officers and servants while engaged in the discharge of the public political duties of the corporation. (City of Richmond v. Long's Adm'r, 17 Grat. 375; Dargan v. Mobile, 31 Ala. 469; Stewart v. New Orleans, 9 La. An. 461; Bailey v. New York, 3 Hill, 538; Martin v. Mayor of Brooklyn, 1 Hill, 550; Prather v. City of Lexington, 13 B. Monr. 559; Western College v. Cleveland, 12 Ohio St. 375.) For analogous cases see Reardon v. St. Louis County, 30 Mo. 555; Sherburne v. Yuba County, 21 Cal. 113. This case is exactly like the one at bar, except the suit was against a county instead of a city.

*O'Neil & Quigley*, for respondent.

The City Hospital is established by the city of St. Louis for the benefit of the indigent sick of the city, and the city is liable for the gross negligence and want of skill on the part of her employees or agents, although the victim happens to be a charity or non-paying patient.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff was a non-paying patient in the St. Louis City Hospital. While there he suffered physical injuries, which he alleges were caused by the negligence and misconduct of the hospital officials and servants. This suit is brought against the city to recover damages for the alleged injuries. At the trial in the Circuit Court, the verdict and judgment were for the plaintiff. The defendant moved in arrest. This brings up the question whether the city is liable for the negligence and misfeasance of the hospital authorities and servants in the administration of this particular charity. No provision of the city charter or of any ordinance is cited in support of the action; nor is any authority or any specific legal principle invoked in its aid. The action is conceded to be of new impression, and is without precedent in this State. There have been, however, various adjudications upon the general question of the liability of municipal corporations for the acts and omissions of their officers and servants. The general result of these adjudications seems to be this: where the officer or servant of a municipal corporation is in the exercise of a power conferred upon the corporation for its private benefit, and injury ensues from the negligence or misfeasance of such officer or servant, the corporation is liable, as in the case of private corporations or parties; but when the acts or omissions complained of were done or omitted in the exercise of a corporate franchise conferred upon the corporation for the public good, and not for private corporate advantage, then the corporation is not liable for the consequences of such acts or omissions on the part of its officers and servants. ( Bailey v. New York City, 3 Hill, 531; Martin v. Brooklyn, 1 Hill, 550; City of Richmond v. Long's

Adm'r, 17 Grat., Va., 375; Sherburne v. Yuba County, 21 Cal. 113; Dargan v. Mobile, 31 Ala. 469; Stewart v. New Orleans, 9 La. An. 461; Prather v. City of Lexington, 13 B. Monr. 559.)

In Bailey v. New York, 3 Hill. 539, Nelson, C. J., in delivering the opinion of the court, says: "The distinction is quite clear and well settled, and the process of separation practicable. To this end, regard should be had not so much to the nature and character of the various powers conferred as to the object and purpose of the Legislature in conferring them. If granted for public purposes exclusively, they belong to the corporate body in its public municipal character. But if the grant was for purposes of private advantage and emolument, though the public may derive a common benefit from them, the corporation, *quoad hoc*, is to be regarded as a private company."

Substantially the same view is taken in the case of The City of Richmond v. Long's Administrator (*ubi sup.*), where the whole subject is elaborately reviewed and exhaustively treated. The city of Richmond was sued for the loss of a slave who was alleged to have died in consequence of negligence and bad treatment while an admitted inmate and patient of the city hospital. It was held that the action would not lie, and for the reason that the city corporation was not civilly liable for the consequences flowing from the acts and neglects of its agents and employees while in the discharge of these public and charitable duties. Sherburne v. Yuba County, 21 Cal. 113, is also a hospital case, and it was held that the action would not lie.

The decision is placed upon the ground, however, that the county was only a *quasi* corporation. Reardon v. St. Louis County, 36 Mo. 555, is placed on the same ground; it being there held that the county could not be held liable for its own neglect of duties enjoined by the Legislature, in the absence of a statute expressly imposing the liability.

The Richmond city case is fully in point, and announces a sound and judicious rule for that and parallel cases. It is but an application of the principle laid down by Chief Justice Nelson in the New York city case, 3 Hill, 539. Applying that principle to the facts of the case before us, it becomes obvious that the

action can not be maintained. The motion in arrest should have been sustained.

The judgment of the Circuit Court is therefore reversed, and judgment for the defendant ordered. The other judges concur.