ALPHONSE C. SCHROEDER and MARY M. SCHROEDER, Appellants, v. CITY OF ST. LOUIS, a Municipal Corporation, Respondent, No. 41648—228 S. W. (2d) 677.

Division Two, March 13, 1950.

Motion to Transfer to Banc Overruled, April 10, 1950.

*William Barton, N. Murry Edwards* and *Ninian M. Edwards, Jr.,* for appellants.

*James E. Crowe,* City Counselor, *John P. McCammon,* Associate City Counselor, and *Robert G. Dowd,* Assistant City Counselor, for respondent.

WESTHUES, C.—Plaintiffs filed this action against the City of St. Louis seeking to recover damages for the death of their infant daughter who, it was alleged, came to her death while she was a paying patient at the City Hospital. Plaintiffs alleged that the death of their daughter was the result of negligence. The City filed a motion to dismiss which the trial court sustained and plaintiffs appealed.

The sole question is whether the City of St. Louis is liable in tort in the operation of its city hospital.

Plaintiffs' theory is that the operation of a hospital by a city is not a governmental function. Plaintiffs also stress the fact that they paid for the services rendered to their daughter. The City relies upon the law which exempts cities from liability in tort while exercising a governmental power. 38 Am. Jur. 265, Sec. 573; 26 Am. Jur. 594, Sec. 13. The preservation and safeguarding of public health is within the police power of a city government. That is the generally recognized rule. See 62 C. J. S. 278, Sec. 133, and cases there cited. By the weight of authority the establishment and maintenance of a hospital by a city is considered a governmental activity, and hence the city is held not liable in tort actions. 63 C. J. S. 311, Sec. 905; 26 Am. Jur. 594, Sec. 13.

A few states hold to the contrary as evidenced by cases cited by plaintiffs. They are: City of Miami v. Oates, 10 So. (2d) (Fla.) 721; City of Okmulgee v. Carlton, 71 P. (2d) (Okla.) 722; City of Shawnee v. Roush, 223 P. (Okla.) 354; Sanders v. City of Long Beach, 129 P. (2d) (Cal.) 511, l. c. 516 (9), citing Bloom v. San Francisco, 3 P. (Cal.) 129. In all of the above cases the courts held that a city was not performing a governmental function when operating a hospital. The cities were therefore held liable.

In jurisdictions where cities are held not liable, the rule is not changed by the fact that the patient pays for the service. Gillies v. City of Minneapolis, 66 F. Supp. 467; Lloyd v. City of Toledo, 180 N. E. (Ohio) 716; City of Dallas v. Smith, 107 S. W. (2d) (Tex.) 872. Missouri is found among the states holding cities not liable in such cases on the theory that maintaining a hospital is a governmental function. Murtaugh v. City of St. Louis, 44 Mo. 479; Zummo v. Kansas City, 285 Mo. 222, 225 S. W. 934. Plaintiffs cite the Murtaugh case and urge that this court held the city not liable because the plaintiff was a charity case, thereby inferring that a paying patient could recover in a tort action. We do not so read the opinion. In the statement of facts mention was made that plaintiff was not a paying patient, however, such fact was not again referred to in the opinion, and nonliability was based solely on the theory that the city was exercising a governmental power. It will be noted that a number of cases from other jurisdictions were considered and cited. In the Zummo case, supra, nonliability was based on the same theory.

The Murtaugh case, supra, was cited as authority. In the Zummo case this court quoted the following from Dillon on Municipal Corporations, 5th Ed., Sec. 1661: (225 S. W. 936) " 'The power or even duty on the part of a municipal corporation to make provision for the public health and for the care of the sick and destitute appertains to it in its governmental or public, and not in its corporate or, as it is sometimes called, private capacity.' "

Nonliability in cases of this nature is based on a principle of law. The fact that a patient is a charity case or a paying patient has no material bearing on the merits of the case. If in operating a hospital, a city is performing a governmental function, there is no liability in tort actions. That principle must be applied uniformly to all alike. In Dille v. St. Luke's Hospital, 355 Mo. 436, 196 S. W. (2d) 615, the plaintiff was injured while a patient. The hospital defended on the ground it was a charitable institution. Plaintiff conceded that fact but in reply to the defendant's plea alleged that the hospital carried liability insurance and offered to have the court limit plaintiff's judgment to the amount of coverage by the insurance policy. This court held nonliability in such cases was based on a principle of law that the defendant was a charitable institution. The court held that immunity in such cases was not affected by the fact that the defendant carried liability insurance.

Plaintiffs contend that the Zummo case arose in Kansas City where the city charter expressly authorizes the establishment of a hospital. Plaintiffs stress the fact that the Kansas City charter places the duty on the city in connection with the regulatory powers pertaining to the public health, "To enforce the laws of the State of Missouri." The charter of the defendant City of St. Louis authorizes the city to establish and operate hospitals, infirmaries, and other like institutions. If the operation of a city hospital is a governmental function, then the difference in the wording of the charter does not affect the question of liability unless a charter provision expressly creates liability. Plaintiffs also say that the ordinances of the defendant City require all unless indigent to pay for the services received at the hospital and that no such fact was present in the Zummo case. The ordinances of the defendant City do require that everyone who is able to do so must pay *the cost of maintenance* while a patient in a city hospital. Such a requirement does not alter the fact that maintaining a city hospital is a governmental function.

It is our conclusion that the trial court's action dismissing plaintiffs' petition must be and is hereby affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.