Floyd·Gregory WATROUS (Plaintiff), Appellant,

v.

The CITY OF ST. LOUIS (Defendant), Respondent.

No. 29119.

St. Louis Court of Appeals.

Missouri.

July 19, 1955.

Kenneth S. Lay, Clayton, for appellant.

Samuel H. Liberman, City Counselor, Alvin J. McFarland, Assoc. City Counselor, St. Louis, for respondent.

HOUSER, Commissioner.

This is an action for damages for personal injuries brought by Floyd Gregory Watrous, an employee of Robert Koch Hospital, against The City of St. Louis, which owns and operates the hospital.

The petition is based upon negligence in failing to exercise ordinary care to furnish to plaintiff a reasonably safe place in which to work and reasonably safe tools and appliances as a result of which plaintiff, while in the performance of his duties, fell into an incinerator and was injured. The Circuit Court of the City of St. Louis sustained the City's motion to dismiss the petition for failure to state a claim upon which relief can be granted, basing its action upon the immunity of the City from liability for negligence in the performance of a governmental function. Plaintiff appealed from the judgment of dismissal.

Plaintiff maintains that the petition states a claim upon which relief can be granted, asserting that the doctrine of municipal immunity does not apply in a suit brought by an employee of a municipality. Conceding that the operation of Robert Koch Hospital is a governmental function and that the City is not liable for negligence resulting in the death of a *patient,* as recently decided in Schroeder v. City of St. Louis, 360 Mo. 293, 228 S.W.2d 677, 25 A.L.R.2d 200, and previously decided in Zummo v. Kansas City, 285 Mo. 222, 225 S.W. 934, and see Murtaugh v. City of St. Louis, 44 Mo. 479, plaintiff urges that the reasons for municipal immunity applicable to suits by members of the general public are inapplicable to suits by *employees* of municipalities.

The distinction sought to be drawn by plaintiff has not found judicial sanction. Both in this state and by the overwhelming weight of authority elsewhere in this country the rule of municipal immunity for liability for torts arising out of the performance of a governmental function is held to apply in cases where the injured person is a municipal employee as well as where the injured person is a member of the general public. Cassidy v. City of St. Joseph, 247 Mo. 197, 152 S.W. 306; Bullmaster v. City of St. Joseph, 70 Mo.App. 60; 38 Am.Jur., Municipal Corporations, § 591, p. 287; 63 C.J.S., Municipal Corporations, § 756, p. 43; Annotation: 25 A.L.R. 2d 203, loc. cit. § 15, p. 240; 18 McQuillin, Municipal Corporations, 3rd Ed., § 53.20, p. 180; 41 C.J.S., Hospitals, § 8b, p. 342. And see Todd v. Curators of University of Missouri, 347 Mo. 460, 147 S.W.2d 1063, and Krueger v. Board of Education of City of St. Louis, 310 Mo. 239, 274 S.W. 811, 40 A.L.R. 1086, in which public bodies engaged in the performance of governmental functions were held not liable to employees injured by the negligence of their agents and servants.

In the case of a municipal employee injured by the negligence of the agents of the municipality in the performance of a governmental function the rules of respondeat superior do not apply. Bullmaster v. City of St. Joseph, supra. The relationship between the city and an employee thus injured is not the ordinary relationship of master and servant, but is analogous to the relationship existing between the public and a public officer charged with a public service, who is the mere agency or instrument by which certain public duties are performed. In Cassidy v. St. Joseph, supra, a city employee was injured by a runaway team hitched to a wagon driven by city employees. At the time of the runaway the employees were cleaning the streets, shoveling refuse into wagons. It was held that the city was engaging in a governmental and public power vested in it as a municipality of the state, and recovery was denied. In its opinion, the court, referring to the agencies by which the city executes measures taken for the protection of the public health, said, 247 Mo. loc. cit. 207, 152 S.W. loc. cit. 310:

"The patrol wagon and its driver, the city ambulance with its driver, the street sweepers with the vehicles, and employes that gather the dirt are all agencies of the government with respect to these matters as well as are the mayor and council who provide the rules that set them in motion. The rule *respondeat superior* does not apply as between them and the municipality, nor is the city under obligation to account to any private individual for the manner in which these discretionary duties are performed. Each actor in the drama of government is responsible only for his own conduct."

This case has been cited and this language quoted with approval as late as 1951

in Hayes v. City of Kansas City, 362 Mo. 368, 241 S.W.2d 888.

The principal reason for the rule of municipal immunity is that the general rules of respondeat superior cannot be applied to public officers without opening up unlimited possibilities for wasteful and dishonest dissipation of public funds. Hinds v. City of Hannibal, Mo.Sup., 212 S.W.2d 401; Brown v. City of Craig, 350 Mo. 836, 168 S.W.2d 1080. That reason applies to claims by municipal employees with as much force and logic as it applies to claims by members of the general public.

Plaintiff urges, however, that in numerous reported cases in this state[1] employees of municipal corporations have been allowed to recover damages for personal injuries sustained while performing the duties of their employment by the municipality. In none of these cases, however, did the municipal corporation interpose the defense that the operation which gave rise to the injury was in the performance of a *governmental function*. It is, of course, true that where the municipality is exercising a *proprietary or corporate function* at the time an employee is injured the relationship between a municipal corporation and its employees is the same as that existing between any other master and servant, Bullmaster v. City of St. Joseph, supra; 18 McQuillin, Municipal Corporations, 3rd Ed., § 53.20, p. 175, and the ordinary rules of master and servant law apply.

We have no authority to engraft any exception onto the general rule recently announced by our Supreme Court in Schroeder v. City of St. Louis, supra, 228 S.W.2d loc. cit. 678, that " * * * the establishment and maintenance of a hospital by a city is considered a governmental activity, and hence the city is held not liable in tort actions."

1. Pearson v. Kansas City, Mo.Sup., 78 S.W.2d 81; King v. City of St. Louis, Mo.App., 155 S.W.2d 557; Page v. City of Fayette, 233 Mo.App. 37, 116 S.W.2d 578; Vaccaro v. City of St. Louis, Mo.App., 123 S.W.2d 230; Choate v. City of Springfield, 343 Mo. 935, 124 S.W.2d 1127; Emrick v. City of Springfield, Mo.App., 110 S.W.2d 840.

The action of the trial court in dismissing plaintiff's petition was proper. The judgment of the Circuit Court of the City of St. Louis should be affirmed and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, affirmed.

MATTHES, Acting P. J., and BLAIR and FERRISS, Special Judges, concur.