Gary DUGAN, pro aml, Appellant,

v.

KANSAS CITY, Missouri, Respondent.

No. 23884.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1963.

Williams, Norton & Pollard, North Kansas City, for appellant.

Herbert Hoffman, City Counselor, Timothy D. O'Leary, Asst. City Counselor, Kansas City, for respondent.

HUNTER, Judge.

Gary Dugan, a minor, through his next friend, sued the City of Kansas City, Missouri, a municipal corporation, for $10,000 for personal injuries he suffered on August 14, 1962, allegedly as the result of the negligence of the employee-agent ambulance driver of defendant city in transporting plaintiff from the place in defendant Kansas City where he had been in a motor scooter accident to the North Kansas City Memorial Hospital in North Kansas City, Missouri.

The trial court, upon motion, dismissed the petition for the stated reason that plaintiff was not entitled to legal redress against defendant because the petition disclosed defendant municipality was acting in its governmental capacity at the time in question.

The petition alleged that on August 14, 1962, plaintiff was operating a motor scooter at a named intersection in Platte County, Missouri, (in Kansas City) when a motor vehicle crowded him off the road, wrecking his motor scooter and fracturing his right tibia and fibula; that thereafter defendant undertook to transport him from the scene of the accident to the hospital in North Kansas City in an ambulance owned and operated by defendant city at the expense of plaintiff and for the standard charge of $10.00 charged by defendant for this service; that defendant's employees placed him on a stretcher and put him in the ambulance; that although his leg was broken it was not a compound fracture but while being transported to the hospital, defendant through its employees operating the ambulance negligently failed to protect his broken leg and failed to render him any assistance or aid by way of sand bags, straps or other accepted procedure to see that his leg was held firm and rigid during his transportation to the hospital, and that as a direct result of such negligence the fractured leg became a compound fracture and became infected.

Presented on this appeal is the single question of whether it is disclosed *on the face of the petition* that the city was engaged in the performance of a governmental function in the operation of its ambulance service at the time in question. If the petition so discloses, the trial court correctly sustained the motion to dismiss; otherwise, the motion to dismiss should not have been sustained.

The petition in this case is noteworthy mostly for what it does not allege. Nowhere does it state that the ambulance service provided was a service incident to or connected with the municipal hospital of defendant city, or connected with any public charitable or eleemosynary function of the city. Nor is there any allegation that the ambulance service was or was not operated for private gain and profit. It is not possible, without speculation, to know from the face of the petition whether this ambulance service is governmental or proprietary in nature.

 From the briefs of counsel and the oral arguments made on appeal we get the impression that the ambulance service in question was incident to and connected with defendant city's municipal hospital, which latter operation is admittedly a governmental function for which there is no tort liability against defendant city. See, Zummo v. Kansas City, 285 Mo. 222, 225 S.W. 934; Schroeder v. City of St. Louis, 360 Mo. 293, 228 S.W.2d 677, 25 A.L.R. 2d 200; Watrous v. City of St. Louis, Mo.App., 281 S.W.2d 594; Annotation, 25 A.L.R.2d 203. We were advised by plaintiff's and defendant's counsel during oral argument about certain of the operating procedures of the ambulance service, particularly as to what hospital it might take

an injured person. However, all these matters are not disclosed by the face of the petition and are evidentiary in nature.[1]

 In a situation quite similar to this, where the face of the petition failed to disclose the tort occurred while the municipality was engaged in a governmental function, our supreme court held it was error to sustain the motion to dismiss. See, Burke v. City of St. Louis, Mo.Sup., 349 S.W.2d 930. For the same reasons given in that opinion we hold the trial court erred in the instant case in its dismissal of the petition.

The judgment is reversed and the cause is remanded for further appropriate proceedings. It is so ordered.

All concur.

1. For those interested in the question of whether the operation of an emergency ambulance service in connection with a municipal hospital is a governmental or proprietary function, see Watson v. City of Atlanta, 136 Ga. 370, 71 S.E. 664; Nichitta v. City of New York, 223 App. Div. 428, 228 N.Y.S. 528, aff. 250 N.Y. 530, 166 N.E. 312; Hagerman v. City of Seattle, 189 Wash. 694, 66 P.2d 1152, 110 A.L.R. 1110; 26 Am.Jur., Hospitals, etc., Section 16, page 598; 18 McQuillin, Municipal Corporations (3rd Ed.), Section 53.86, note 69; and Cum.Supp., Page 125, Note 76.