Ann Marie BAILEY, Appellant,

v.

The CITY OF ST. LOUIS, a Municipal
Corporation, Respondent.

No. 40516.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 30, 1979.

Motion for Rehearing and/or Transfer
Denied March 16, 1979.

London, Greenberg & Fleming, Burtom
M. Greenberg, Thomas F. Flynn, St. Louis,
for appellant.

Jack L. Koehr, City Counselor, John J.
Fitzgibbon, Assoc. City Counselor, St. Louis,
for respondent.

GUNN, Judge.

This appeal arises out of a wrongful
death action brought by Ann Marie Bailey,
mother of the decedent, against the City of
St. Louis in its capacity as operator of an
ambulance service. The trial court sus-
tained the City's motion for summary judg-
ment based upon the doctrine of sovereign
immunity. On appeal, plaintiff contends
that the City was not entitled to summary
judgment as a matter of law because a
genuine issue of material fact existed as to
whether the operation of an ambulance ser-
vice was a governmental or proprietary
function. Further, plaintiff claims that the
City is liable in tort to the extent that it is
required by statute to carry liability insur-
ance. We affirm.

On October 15, 1977, plaintiff gave birth prematurely to a baby boy. The child was unable to breathe normally, and mouth-to-mouth resuscitation was administered by the police officers who responded to the call for aid. The police also summoned a St. Louis City ambulance and informed the dispatcher that an emergency child-birth respiratory case was involved. The arrival of the ambulance took twenty minutes. The ambulance driver and attendants, City employees, were instructed by the police to continue mouth-to-mouth resuscitation or institute other artificial life support methods to maintain the child's life as he and his mother were conveyed to the hospital. Plaintiff alleged that during the trip, the ambulance attendants failed to take any action to sustain the baby's life and failed to radio the hospital that they were bringing in a respiratory failure victim. Upon arrival at the hospital, the child was diagnosed as not breathing and having no pulse. Efforts to revive him proved futile, and he was pronounced dead with the cause listed as respiratory failure. Plaintiff grounded her suit against the City of St. Louis in seven counts of negligence, including the tardy ambulance response time to her emergency call, the lack of artificial resuscitation equipment, the untrained ambulance personnel and the failure to notify the hospital of the nature of the baby's problem so that emergency assistance could be prepared in advance of his arrival. The City's motion for summary judgment claimed that the operation of the ambulance service was an exercise of its governmental function and, hence, that it had no tort liability. In support of the motion, the City relied on *Schroeder v. City of St. Louis*, 360 Mo. 293, 228 S.W.2d 677 (1950), a case which holds that the City of St. Louis' operation of a hospital is a governmental function, immune from suit in tort. The accompanying affidavit of Dr. Wochner, Director of Hospitals for the City of St. Louis, stated that the ambulance service was ". . . connected with and incident to . . ." the City hospital system. The first matter before us, then, is to determine whether the ambulance service's status as either a governmental or proprietary operation presents a genuine issue of material fact. Rule 74.-04(c).

█ *On appeal, we review the record in the light most favorable to the party against whom the judgment was rendered.* *Edwards v. Heidelbaugh*, 574 S.W.2d 25 (Mo.App.1978); *Seliga Shoe Stores v. City of Maplewood*, 558 S.W.2d 328 (Mo. App.1977). We recognize that summary judgment is a harsh remedy; consequently, the moving party has the burden to show by unassailable proof that there is no genuine issue of fact. *Edwards v. Heidelbaugh*, supra. Yet, the party confronted by a proper motion for summary judgment may not sit idly by. Rule 74.04(e) states that the party adverse to summary judgment may not rest upon mere allegations or denials in his pleadings but must set forth, by affidavits or otherwise, *specific facts* which show that there is a genuine issue for trial. (emphasis added) *See, Seliga Shoe Store v. City of Maplewood*, supra. Plaintiff has failed to meet her burden of rebuttal and presented neither case law nor affidavits to refute those of the City. Instead, she professes that summary judgment was granted before she had the opportunity to make any meaningful discovery to establish the proprietary nature of the City's ambulance service. However, Rule 74.04(f) provides a means by which the court may order a continuance to permit affidavits to be obtained, or depositions to be taken, or discovery to be had. We have no indication that this remedy was sought. Therefore, on what it had before it, the trial court properly determined that no question of material fact existed concerning the ambulance service's status as a governmental functionary.

Plaintiff also argues that the trial court erred in granting summary judgment on the basis of sovereign immunity because the City was liable in tort to the extent that it was required by statute to carry liability insurance. To reach this conclusion, plaintiff adverts to §§ 190.052–190.195, RSMo Supp.1975, which regulate ambulances, am-

bulance personnel and emergency services.[1] Section 190.100 defines "person" to include ". . . any governmental agency other than the United States or the State of Missouri;" e. g., the City of St. Louis. The Act regulates through licensing "persons" who furnish, conduct, maintain, advertise or otherwise engage in the ambulance business. § 190.105, RSMo Supp.1975. Among the qualifications for a license is procurement of insurance coverage for each ambulance owned or operated by the licensee. Section 190.120, RSMo Supp.1975 provides in pertinent part:

"No ambulance license shall be issued under sections 190.100 to 190.195, nor shall such license be valid after issuance, nor shall any ambulance be operated in Missouri unless there is at all times in force and effect insurance coverage *for each and every ambulance* owned or operated by or for the applicant or licensee, providing for the payment of damages in an amount as prescribed by the board issued by an insurance company licensed to do business in the state of Missouri:

(1) for injury to or death of individuals in *accidents* resulting from any cause for which the owner of said vehicle would be liable on account of liability imposed on him by law, regardless of whether the ambulance was being *driven* by the owner or his agent; and

(2) For the loss of or damage to the property of another, including personal property, under like circumstances.

\*     \*     \*     \*     \*     \*

(3) Every insurance policy required by the provisions of this section shall contain a provision for a continuing liability thereunder to the full amount thereon; that the liability of the insurer shall not be affected by the insolvency or the bankruptcy of the assured; and that until the policy is revoked the insurance company will not be relieved from liability on account of nonpayment of premium, failure to renew license at the end of the year, or any act or omission of the name[d] assured. Such policy of insurance shall be further conditioned for the payment of any judgments up to the limits of said policy, recovered against any person other than the owner, his agent or employee, who *may operate the same* with the consent of the owner." (emphasis added)

\*     \*     \*     \*     \*     \*

As this statute was in effect on October 15, 1977, plaintiff concludes first that the City was required to carry insurance on each of its ambulances. From here she seeks to make the quantum jump that the required insurance was to cover any tort committed in connection with the operation of the ambulances. Finally, plaintiff postulates that any immunity which the City may have had was waived at least up to the amount of insurance required by the State Board of Health.

The City counters that § 190.120 refers only to liability insurance for vehicular accidents and not to alleged negligent acts unrelated to the actual driving of the ambulance. We must agree. Plaintiff's theory is not congruent with the intent of the Legislature which was to require licensees to obtain insurance coverage for "each and every ambulance," as opposed to each and every ambulance attendant. Such insurance is intended to cover those who drive the vehicle, whether or not the owner, an agent, an employee or merely a person who operates the ambulance with consent. The accidents referred to in § 190.120 are for the negligent operation of the ambulance, not negligent or maladroit administration of emergency care as complained of by plaintiff. Consequently, § 190.120 does not provide the basis for legislative waiver of sovereign immunity. Inasmuch as plaintiff's claim arose before August 15, 1978, the date from which sovereign immunity was prospectively abrogated, the City of St. Louis is protected from plaintiff's claim by reason of the doctrine and the reasoning

---

1. The City carries no policies of insurance under either § 190.120, RSMo Supp.1975 or § 71.185, RSMo 1969.

elaborated in *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977).[2] *Strong v. Curators of Univ. of Mo.*, 575 S.W.2d 812 (Mo.App., E. Dist., 1978). *See also, Wheeler v. St. Clair County Hosp. District No. 1*, 557 S.W.2d 233 (Mo. banc 1977).

Affirmed.

REINHARD, P. J., and CLEMENS, J., concur.

---

2. Sections 537.600–537.650, 1978 Mo.Legis. Serv., effective August 13, 1978, Laws of Mo. 1978, p. ——, provide for conditions of sovereign immunity and substantially modify the effect of *Jones v. State Highway Commission*, supra, particularly to the State and its political subdivisions having insurance coverage.