Irene KINDER, Plaintiff-Appellant,

v.

Beth Ann NOTORANGELO,
Defendant-Respondent.

No. 42309.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 25, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 24, 1981.

Application to Transfer Denied
June 8, 1981.

John J. Hummel, Holtkamp, Beckemeier & Liese, St. Louis, for plaintiff-appellant.

Daniel T. Rabbitt and Russell F. Watters, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for defendant-respondent.

SNYDER, Judge.

Plaintiff-appellant appeals from that portion of a trial court judgment granting defendant-respondent's motion for summary judgment on plaintiff's petition for damages for personal injuries. The trial court's grant of respondent's motion for summary judgment was based on the fact that appellant had obtained respondent's general release from any liability arising out of the automobile accident which was the subject of appellant's petition.

Appellant charges the trial court erred in granting respondent's motion for summary judgment because there was a genuine issue of material fact which was undetermined. The issue, according to appellant, was whether she consented to or had knowledge of the release taken from respondent. This point is ruled against appellant and the trial court's judgment is affirmed.

Appellant's petition sought damages for injuries suffered in an automobile accident

which were allegedly caused by the negligent driving of respondent. Respondent filed an answer which denied any negligence and alleged contributory negligence. She subsequently filed a counter-claim seeking damages for her own personal injuries arising out of the same accident.

Appellant then filed a motion for summary judgment contending that respondent was barred from asserting her counterclaim by a general release obtained from respondent on or about December 8, 1976. The instrument released appellant Kinder from liability to respondent Notorangelo for any damages arising out of the accident. Appellant's petition was filed on or about August 10, 1978. Respondent likewise filed a motion for summary judgment on the petition on the ground that the general release also barred appellant from asserting her claim against respondent. The trial court granted both motions for summary judgment. Appellant appeals from the summary judgment against her on her original petition.

Appellant's sole point relied on attacks the trial court's grant of the motion for summary judgment because the issue of whether appellant had knowledge of or consented to the taking of the release from respondent remained undetermined. This point is not well taken.

Appellate review of the record of a summary judgment must be made in the light most favorable to the party against whom the judgment was rendered. *E. O. Dorsch Electric Co. v. Plaza Construction Co.*, 413 S.W.2d 167, 169[1, 2] (Mo.1967). And, "[o]f course, a summary judgment may not be granted if there are material facts in dispute, and the burden of showing no such dispute is upon the party moving for the summary judgment," the respondent being the moving party in the case under review. *66 Terminal, Inc. v. Roberts*, 448 S.W.2d 938, 939[1, 2] (Mo.App.1969). Yet, the party confronted by a proper motion for summary judgment may not rest upon mere denials in the pleadings but

must set forth specific facts which show there is a genuine issue for trial. Rule 74.04(e). *Bailey v. City of St. Louis*, 578 S.W.2d 279, 280[1] (Mo.App.1979); *Edwards v. Heidelbaugh*, 574 S.W.2d 25, 28[9] (Mo.App.1978). Finally, where the non-moving party has failed to respond with specific facts showing that there was a genuine issue for trial, the facts contained within movant's affidavits must be deemed to have been admitted. *Hurwitz v. Kohm*, 516 S.W.2d 33, 37[9] (Mo.App.1974).

Application of these rules of law to the case at hand reveals that appellant failed to set forth in the trial court record specific facts which would give rise to a genuine issue for trial.

Though the record is sparse, it supports the trial court's summary judgment on the petition. The release was pleaded by appellant in her motion for summary judgment. Neither in the motion nor by affidavit did appellant aver that the release was taken without her knowledge or consent. Respondent, in filing her motion for summary judgment, cited the general release contained in appellant's own motion and asserted that "plaintiff [appellant] has admitted to giving (sic)[1] a General Release which on its face, does not reserve the right of the plaintiff [appellant] to prosecute her claim ...." This recital of law is correct and if the alleged fact that appellant "admitted" accepting the release is true, then a motion for summary judgment was properly granted. Appellant's assertions in her brief that there is a material fact issue as to her knowledge or authorization of the taking of the release does not put the question at issue. See *Bailey v. City of St. Louis, supra; Edwards v. Heidelbaugh, supra.* Moreover, even in her brief appellant does not say the release was taken without her knowledge or authority. Appellant's failure to counter respondent's allegations with specific facts, in effect, concedes the truth of the allegations. Thus, appellant's failure to allege facts in the trial court which would prove the release was given without her knowledge or authority left the trial

1. Appellant actually "took" the release.

court with no alternative but to grant the summary judgment.

The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.