**Lynn E. JENSON, Respondent,**

v.

**Gerald HAYNES and Kym Haynes, Appellants.**

**No. WD 32334.**

Missouri Court of Appeals, Western District.

March 16, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 4, 1982.

Application to Transfer Denied June 14, 1982.

155

James W. Whan, Maryville, for appellants.

Jefferson G. Broady, Rock Port, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

CLARK, Presiding Judge.

In this suit to recover unpaid cash farm rent, plaintiff Jenson, the lessor, was awarded summary judgment on motion after the pleadings closed. Defendant lessees appeal contending their defense was grounded on the resolution of material fact questions and that summary judgment was therefore granted improperly. Affirmed.

To the following extent, the facts of the case were uncontroverted and are established by the petition and answer. On March 15, 1979, Jenson and defendants entered into a two-year lease as to a tract of land of some 700 acres in Fremont County, Iowa. Defendants were obligated to make semi-annual payments of rent to Jenson each March and November, the amount of each installment payment being $22,600.00. The first rent installment was paid March 15, 1979 when the lease was signed. In November 1979, however, defendants paid $15,518.72 leaving $7,081.28 due. Jenson made demand for payment of the balance and when payment was not forthcoming, he declared the lease forfeited and brought this action to recover the balance of the rent due for the November 1979 installment.

In their answer, defendants relied on a defense of "impossibility of performance" and alleged facts they contend preclude the entry of summary judgment. Such allegations were brief and asserted that performance under the contract, i.e., payment of the full November 1979 rent, "was rendered impossible by the unusual, sudden, violent and extraordinary floods of the East Nishnabotna River, which inundated and covered the said farmland, rendering it impossible to adequately farm the same." The answer further averred that the floods could not have been foreseen and that the occurrence was without fault or negligence of the defendants. The answer prayed excuse from responsibility for payment of the remaining November 1979 rent and, in a counterclaim which followed, defendants sought damages for plaintiff's wrongful termination of the lease as to the second year term.

■ Defendants do not explain what facts set out in their answer were disputed and from this record it cannot be ascertained when the flooding occurred, when the water receded and what portions of the 700-acre tract were affected. Defendants failed to counter Jenson's motion for summary judgment with affidavits or any other affirmative showing to establish specific facts which presented a genuine issue for trial as Rule 74.04(e) requires. When confronted with a summary judgment motion, a party is not entitled to rest upon his pleading. *Kinder v. Notorangelo*, 615 S.W.2d 433 (Mo.App.1981). Defendants here simply make the bald assertion that allegation of flooding pleaded in their answer was sufficient to defeat Jenson's motion for summary judgment.

For the purpose of reaching the center point of controversy on this appeal, the deficiency in defendants' response to the summary judgment motion will be ignored and it will be assumed that between March and November 1979, severe and unexpected flooding substantially impaired the prospect for defendants to cultivate crops on the leased farm or destroyed crops which would otherwise have been harvested. The dispositive issue under the most favorable construction of defendants' claim is, therefore, whether a crop failure by reason of flooding excused defendants from paying the full cash rent and entitled them to continued use and occupancy of the farm for a succeeding year.

The lease in question was executed in Iowa where it appears that Jenson resides. Defendants live in Missouri. The parties postulate their contentions on the assumption that Iowa law governs and we follow this premise although neither party has argued or demonstrated that Iowa law on the subject of commercial frustration differs from the law of Missouri.[1] Defendants cite and principally rely on *Nora Springs Cooperative Company v. Brandau*, 247 N.W.2d 744 (Iowa 1976).

In *Nora Springs*, defendant farmer had contracted with plaintiff grain elevator company to deliver corn at a specified price and at various dates. The elevator company brought suit for failure of the farmer to make delivery. In defense, the farmer alleged that some prior tenders of delivery of corn to the elevator had been refused and that failure of the elevator to accept timely tender of the corn breached the agreement and relieved him of performance. The elevator responded by showing that at the time delivery had been offered, the elevator was at storage capacity because a shortage of boxcars had prevented shipments outbound as had been expected. The elevator argued that its deferral in acceptance of the farmer's deliveries was supportable under the doctrine of commercial frustration.

Although the grain elevator company in *Nora Springs* did not prevail on its contention, the Iowa court observed that the doctrine of impossibility of performance is recognized in Iowa. It is this statement which defendants here assert entitles them to avoid the rent obligation to Jenson because the flooding made it impossible to farm the land they had rented. The argument is simplistic and overlooks numerous factors inherent in application of the legal principles at issue.

■ The doctrine of impracticability of performance excuses performance by a contracting party because the happening of an event unforeseen by the parties destroys the value of performance or the object of the contract. That object is, by a retroactive reconstruction of the agreement, added as an implied condition of the contract which fails upon the occurrence of the unforeseen event. It is assumed that with foreknowledge of the event, the parties would have agreed that performance would be excused. *Howard v. Nicholson*, 556 S.W.2d 477 (Mo.App.1977).

1. Under Iowa Statutes, Code of 1946, § 570.4, a landlord's lien on crops and the increase of livestock is limited when, in an equitable proceeding, the court determines the tenant's default in payment of rent was attributable to drought, flood or other climatic conditions. That statute and other enforcement procedures which may be peculiar to Iowa law play no part in this case which was merely a suit on the contract of lease.

■ The *Nora Springs* case points out, in conformity with the general rule in cases of impracticability of performance, that a contingency which reasonably may be anticipated cannot be an excuse for nonperformance under the doctrine. If the event could be foreseen, and no provision for excuse of performance is included in the contract on this account, the assumption is that the parties intended for that risk to be assumed by the promisor. A number of decisions in Iowa are to this effect. *Associated Grocers of Iowa Cooperative, Inc. v. West,* 297 N.W.2d 103, 108 (Iowa 1980); *Salinger v. General Exchange Insurance Corp.,* 217 Iowa 560, 250 N.W. 13, 15 (1933); *Mahaska County State Bank v. Brown,* 159 Iowa 577, 141 N.W. 459, 462 (1913).

Even were it to be assumed that inability of defendants to raise crops profitably on the leased land for a season or part of a season of the lease term constitutes impracticability of performance where cash rent is the only consideration due the lessor, the event is readily foreseeable. Crop failures from a multitude of causes, excess moisture or drought, insect infestation to name but a few, are widely experienced and are an inherent risk in any farming operation. The event is a calamity which occurs without the fault of the farmer and is usually dependent on the vagaries of nature. There is no basis to assume that this or any farmland is let on the condition that the lessee produce a successful crop. Indeed, were such a condition to be required, it is doubtful a lease could be negotiated at a rental any tenant would accept, if a lease could be arranged at all.

■ Defendants here accepted the risk of crop failure because the lease contract did not provide otherwise. As evidence that defendants were aware of that risk, their answers to interrogatories indicate they obtained crop insurance and recovered on their claim for 1979 a sum greater than the rent due in November. Explanation of how defendants arrived at the sum they did pay on the November rent is neither set out in this record nor material. The existence of the insurance is persuasive in demonstrating defendants' knowledge and acceptance of the risk which they now seek to shift to Jenson.

For the reasons stated, the proffered defense of impossibility of performance would not defeat plaintiff's rent claim and would not sustain defendants' counterclaim even were all facts alleged as to that defense proved. The court was therefore correct in granting summary judgment to plaintiff. The judgment is affirmed.

All concur.