**STATE ex rel. NEW LIBERTY HOSPITAL DISTRICT, Relator,**

v.

**The Honorable Stephen R. PRATT, Judge of the Circuit Court of Clay County, Respondent.**

**No. 66481.**

Supreme Court of Missouri, En Banc.

April 2, 1985.

Ronald R. McMillin, Jefferson City, Myron S. Silverman, Kansas City, for relator.

J.C. Hambrick, Jr., David B. Sexton, Jane Pansing Brown, Kansas City, for respondent.

GUNN, Judge.

By way of prohibition, relator New Liberty Hospital District asserts sovereign immunity as the basis for prohibiting respondent from proceeding in a tort action against it.

The underlying tort action was brought against the hospital district and a physician. The hospital district was charged with actual and vicarious negligence in the treatment of a hospital patient. The hospital district's motion to dismiss the action on the ground of sovereign immunity was denied by the respondent, and relief was sought and obtained from this Court by means of a preliminary rule in prohibition. We now make our preliminary rule absolute.

Preluding disquisition of sovereign immunity, we note that relator New Liberty Hospital District, operating a facility known as Liberty Hospital, is a governmental entity organized under Chapter 206, RSMo. Chapter 206 establishes hospital districts and provides that each created under its aegis "shall be a body corporate and political subdivision of the state." § 206.-010.2, RSMo 1978. Among the powers bestowed upon a hospital district is the authority to establish hospital facilities and maintain them in such a way as "to render the use of the hospital of the greatest benefit to the greatest number." § 206.-

110, RSMo Cum.Supp.1984. The powers granted to hospital districts are described by the statute as "governmental." *Id.*

Now to the sovereign immunity issue: Sovereign immunity was reinstated by the legislature, following its abrogation by this Court in *Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977); § 537.600, RSMo 1978. Since its reinstatement, sovereign immunity has been the rule for all public entities unless a certain prescribed exception is applicable. *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864 (Mo. banc 1983). Nevertheless, respondent urges a variety of reasons for which sovereign immunity does not shield relator from liability.

■ Respondent's chief argument is that the district's claim of sovereign immunity should be precluded by the application of the governmental-proprietary distinction. The traditional rule, however, permits the application of the governmental-proprietary distinction (and the preclusion of immunity in the latter circumstance) only as to municipalities. *Beiser v. Parkway School District,* 589 S.W.2d 277 (Mo. banc 1979); *St. Joseph Light & Power Co. v. Kaw Valley Tunneling, Inc.,* 589 S.W.2d 260 (Mo. banc 1979); *Page v. Metropolitan St. Louis Sewer District,* 377 S.W.2d 348 (Mo. 1964); *Cullor v. Jackson Township,* 249 S.W.2d 393 (Mo.1952). Any other public entity which "operates under the police power of the state in the interest of the public health, safety and welfare ... is in effect an arm of the state exercising exclusively governmental functions," *Page,* 377 S.W.2d at 353, and is therefore immune from liability for neglect in the performance of those functions.[1]

■ The hospital district in the present case was created to fill the sole function of maintaining a hospital, a function which promotes the health and welfare of the people. The basis for the claimed liability was the performance of this function. The hospital district is therefore clothed with the full immunity enjoyed by the state, and the governmental-proprietary distinction is inapplicable.

■ Even if the governmental-proprietary function were to be employed, the operation of a hospital by a city, county or similar public corporation entity is a governmental function. *Schroeder v. City of St. Louis,* 360 Mo. 293, 228 S.W.2d 677 (1950); *Zummo v. Kansas City,* 285 Mo. 222, 225 S.W. 934 (1920); *Bailey v. City of St. Louis,* 578 S.W.2d 279, 280 (Mo.App. 1979) (city ambulance); *Dugan v. Kansas City,* 373 S.W.2d 175 (Mo.App.1963). Contrary to respondent's suggestion, it is immaterial that the potential plaintiff was a paying patient. *Schroeder,* 228 S.W.2d at 678. The governmental character of operating a hospital does not evaporate if the public entity charges for its services.

■ Respondent also suggests that the statutes authorizing the creation of hospital districts contain a statutory waiver of sovereign immunity for suits against those entities. The claimed waiver consists of the statement in § 206.010.2, RSMo 1978, that a hospital district "may sue and be sued" in its own name. But it is a fundamental maxim that statutory provisions that purport to waive sovereign immunity must be strictly construed. *Bartley, supra,* 649 S.W.2d at 868; *Charles v. Spradling,* 524 S.W.2d 820, 823 (Mo. banc 1975).

---

1. In *State ex rel. Allen v. Barker,* 581 S.W.2d 818 (Mo.banc 1979), this Court permitted plaintiff in a libel suit against a school district to amend his petition following dismissal to aver facts sufficient to show the proprietary character of the complained-of acts. This Court's opinion does not address the applicability of the governmental-proprietary distinction to school districts. We recognize that the court of appeals has read this case to authorize the application of this distinction to school districts. *Gabbett v. Pike County Memorial Hosp.,* 675 S.W.2d 950, 951 (Mo.App.1984) (in a malpractice action, court of appeals upholds sustaining of motion for summary judgment in favor of county hospital on ground of sovereign immunity); *Fowler v. Board of Regents,* 637 S.W.2d 352 (Mo.App. 1982); *Johnson v. Carthell,* 631 S.W.2d 923, 926 (Mo.App.1982); *Allen v. Salina Broadcasting,* 630 S.W.2d 225, 227 (Mo.App.1982). However, in this situation, we need not address either the existence or the propriety of such a deviation from the traditional rule.

In the present case, the statute gives no indication that the legislature intended for hospital districts to be liable in tort. It is obvious that although public entities are protected by sovereign immunity from claims sounding in tort they are nevertheless liable for debts legitimately incurred. *See Todd v. Curators of University of Missouri,* 347 Mo. 460, 147 S.W.2d 1063 (1941) (Holding that statutory "may sue and be sued" provision does not authorize suit for negligence against a public corporation performing governmental functions. That provision pertains to other kinds of actions). The reasonable explanation of the legislature's intent in using the "may sue and be sued" language is that it intended thereby merely to empower creditors and other proper claimants to sue the hospital district in its own name. Such language does not authorize a tort suit against the governmental entity for negligence. *Page v. Metropolitan St. Louis Sewer District,* 377 S.W.2d at 352; *Light v. Lang,* 539 S.W.2d 795, 800 (Mo.App.1976).

■ Respondent also contends that the hospital district must be estopped from asserting its immunity because it has acted as though it were a private hospital. This argument rests upon the unfairness of interposing sovereign immunity as a bar to a suit between a patient and a hospital in which the patient had no reason to expect the existence of such a bar when the choice of hospitals was made. In essence, this is no more than an argument that the doctrine of sovereign immunity is unfair, because rarely do potential plaintiffs know, or much less frequently consider, the possibility that a state entity with which they come in contact will be immune in tort. Nevertheless, in light of the legislature's reinstatement of sovereign immunity, the question of fairness has been definitively removed from legitimate consideration.

■ The residuum of respondent's argument is that representations made by the hospital and its administrators caused an equitable breach in the hospital district's immunity. However, sovereign immunity cannot be breached in whatever fashion without the state's consent, and such consent must flow from the legislature and not from the state's agents, officers or employees. *State ex rel. Eagleton v. Hall,* 389 S.W.2d 798, 801–02 (Mo.banc 1965); *Kleban v. Morris,* 363 Mo. 7, 247 S.W.2d 832, 836 (1952); *Fowler v. Board of Regents,* 637 S.W.2d at 354.

Thus, the relator has its absolute and impenetrable defense in the doctrine of sovereign immunity. The profligacy in taking time and money for the ritual of trial and appeal in such case is therefore apparent.

■ Under the circumstances of this case in which appeal fails to afford adequate relief, prohibition is the appropriate remedy to forbear patently unwarranted and expensive litigation, inconvenience and waste of time and talent. *State ex rel. McNary v. Hais,* 670 S.W.2d 494, 497 (Mo. banc 1984); *State ex rel. T.J.H. v. Bills,* 504 S.W.2d 76, 79 (Mo.banc 1974); *State ex rel. Hamilton v. Dalton,* 652 S.W.2d 237, 239 (Mo.App.1983); *State ex rel. Sisters of St. Mary v. Campbell,* 511 S.W.2d 141, 148–49 (Mo.App.1974).[2]

The preliminary rule in prohibition is therefore made absolute.

---

**2.** *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889 (Mo.banc 1983), referred to in Judge Donnelly's concurring opinion to this case, relies substantially on California law to stress that there should not be unfettered use of prohibition for interlocutory review of trial court error. And as Judge Donnelly notes, the result reached in this case is fully congruent with the law of California in applying writs of prohibition to instances in which the defense of sovereign immunity is a prevailing issue.

In *County of Sacramento v. Superior Court of Sacramento County,* 8 Cal.3d 479, 503 P.2d 1382,

105 Cal.Rptr. 374 (banc 1972), the specific question was raised whether prohibition was the appropriate remedy in a sovereign immunity case. The California Supreme Court's direct answer to that question—and so pertinent to the issue in this case—was as follows:

Yes. Prohibition is an appropriate remedy where, as here, it is desirable that an important jurisdictional question presented by the defense of sovereign immunity from suit should be speedily determined. (Citations omitted).

*Id.* at 480, 503 P.2d 1382, 105 Cal.Rptr. 374.

RENDLEN, C.J., and WELLIVER, HIG-GINS, BILLINGS and BLACKMAR, JJ., concur.

DONNELLY, J., concurs in separate opinion filed.

DONNELLY, Judge, concurring.

In *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889, 891 (Mo.banc 1983), this Court held that prohibition will lie to prevent an excess of jurisdiction but "that we should not continue the unfettered use of the writ of prohibition to allow interlocutory review of trial court error."

In *State ex rel. McNary v. Hais,* 670 S.W.2d 494, 497 (Mo.banc 1984), this Court held that prohibition will lie where "[r]elators do not have adequate remedy by way of appeal."

In this case, sovereign immunity raises the question of jurisdiction and prohibition will lie.

I concur.