STATE of Missouri, ex rel. WESTERN MISSOURI MENTAL HEALTH CENTER, a facility of the Missouri Department of Mental Health, Relator,

v.

The Honorable Alvin C. RANDALL, Circuit Court Judge of the Sixteenth Judicial Circuit, Jackson County Circuit Court, Respondent.

No. WD 43135.

Missouri Court of Appeals, Western District.

June 19, 1990.

William L. Webster, Atty. Gen., Mary Stewart Tansey, Asst. Atty. Gen., Jefferson City, for relator.

Douglass F. Noland, Carol G. Hall, Kansas City, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and BERREY, JJ.

LOWENSTEIN, Judge.

This action involves the question of whether a permanent order in prohibition should be granted against Judge Randall from proceeding against the relator, Western Missouri Mental Health Center (Western Missouri), based upon the doctrines of sovereign immunity and the public duty rule. The issue is whether Western Missouri has been shown to be a facility of the state department of mental health.

The underlying action for damages alleged that Western Missouri failed to evaluate and detain an individual who approximately two weeks after being presented, but not detained there, stabbed a fellow resident at the Kansas City Community Center. The attorney general on behalf of the relator, Western Missouri, filed a motion to dismiss which claimed the Circuit Court lacked jurisdiction over Western Missouri based upon the grounds of sovereign immunity and the public duty rule. The respondent denied the motion, implicitly finding sufficient facts had not been supplied to resolve whether Western Missouri was a state entity entitled to such protection. A preliminary order in prohibition was granted which is now made absolute.

■ The doctrine of sovereign immunity states that any public entity, excluding municipalities, which operates under the police power of the state in the interest of the public health, safety and welfare, is in effect an arm of the state exercising exclusively governmental functions and is therefore immune from liability for neglect in the performance of those functions. *State ex rel. New Liberty v. Pratt*, 687 S.W.2d 184, 186 (Mo. banc 1985). The respondent does not quibble with the conclusion that if Western Missouri is a state operated hospital, it is entitled to sovereign immunity protection. See, *Pratt*, supra.

■ The respondent contends the relator has not supplied enough evidence to show Western Missouri is an entity of the state. In support, the respondent quotes RSMo, Volume 5, Appendix C, under "Organizational Plan Narrative, Department of Mental Health," Subtitle "Organization", Subsection 3, page 5905:

the Division of Comprehensive Psychiatric Services is headed by a division director who is responsible to the department director for ... programs which are either operated by the department or *purchased from community based providers....* (Emphasis added).

The respondent argues the relator has made no effort to distinguish itself as a program operated by the department as opposed to a mere "contract provider." Therefore, the argument goes, Western Missouri failed to show it is an instrumentality of the state solely because it is administered by the Department of Mental Health. However, given a fair reading of § 630.505, RSMo 1986, and Appendix C, this court finds ample evidence that the relator is an entity of the state entitled to sovereign immunity.

Under the title of "Department of Mental Health," Subtitle "Physical Facilities," § 630.505 states:

The department shall designate the names of *each of its facilities.* (Emphasis added).

Then turning to Appendix C, it states:

The division director exercises line authority over chief executive officers of the State Hospitals, *Mental Health Centers,* Children's Psychiatric Hospitals and a mental health services agency.... *These facilities named by the department as set out in section 630.505 RSMo., are ... Western Missouri Mental Health Center....* (Emphasis added).

Combining the above language, there is no doubt the relator is a state facility operated by the Department of Mental Health. In § 630.505, the department is required to

name its facilities, while in Appendix C, Western Missouri is so named.

There is no need to discuss the public duty rule as sovereign immunity is dispositive.

The relator's motion to dismiss should be acted upon and sustained. *State ex rel. Missouri Department of Agriculture v. McHenry*, 687 S.W.2d 178, 181 (Mo. banc 1985). The preliminary order in prohibition is made absolute, as it pertains to Western Missouri Mental Health Center in case number CV 88–25725, Dent v. B.P.S. Guard Services, Inc., et al., in the Circuit Court of Jackson County.

All concur.