STATE of Missouri, at the Relation of JACK FROST ABATTOIRS, Incorporated, a Corporation, (Petitioner) Respondent,

v.

A. J. STEINBACH, Chief of the Fire Department of the City of Montgomery, Missouri, (Defendant) Appellant.

No. 29130.

St. Louis Court of Appeals.

Missouri.

Jan. 18, 1955.

S. S. Nowlin, Montgomery City, Fry, Edwards & Wright, Mexico, P. Pierre Dominique, Montgomery City, for appellant.

D. R. Jennings, Montgomery City, S. W. James, Jr., Jefferson City, for respondent.

WOLFE, Commissioner.

This is an action in mandamus to compel A. J. Steinbach, Chief of the Fire Department of Montgomery City, Missouri, to issue a building permit to the relator for the construction of a slaughterhouse. The relator prevailed and the respondent below prosecutes this appeal.

The cause was submitted to the trial court upon an agreed statement of facts which is in substance as follows:

The City of Montgomery City, Missouri, is a city of the fourth class and duly incorporated as such under the laws of the state. Its revised ordinances of 1947 declared in Chapter 23, Section 510, a number of things to be public nuisances. The fourth of those so declared is "all slaughterhouses". On September 2, 1952, Chapter 23 was amended by adding two new sections designated as 510(A) and 510(B), which state:

"Section 510(A). (1) No person, firm, company, partnership, association or corporation shall be permitted to slaughter any animal in the City of Montgomery City except an officer of the law in the discharge of his duties.

"(a) No person, firm, company, partnership, association or corporation shall permit the slaughtering of any animal on property owned by him, her, it, or them, or shall knowingly let or lease any premises to be used for the purpose of slaughtering animals."

"Section (B). Any person, firm, company, partnership, association or corporation found guilty of violating the provisions of this Ordinance shall be deemed guilty of a misdemeanor and each separate offense shall be a separate charge, and the penalty shall be not less than Five Dollars, not more than One Hundred Dollars, or Ninety days in jail, or both."

Another ordinance of the city relating to buildings to be erected within it provides:

"Except as hereinafter exempted in this section, no wall, structure, building or part thereof shall hereafter be built, enlarged, or altered within the corporate limits until a plan of the proposed work, together with a statement of the materials to be used, shall have been submitted in writing in duplicate to the Chief of the Fire Department (or other designated officials), who shall, if in accordance with the provisions herein contained, issue a permit for the proposed construction. The permit herein required shall be made in duplicate and in such form as may be adopted by a

590

resolution of the City Council and one copy thereof shall be kept on file in the office of the City Clerk."

On June 17, 1952, relator filed with the chief of the fire department an application for a building permit. It was in the form required and attached to it were the plans and specifications of a slaughterhouse that the relator desired to build. The site of the proposed building is in the center of the retail business district of the city.

The relator was informed by officials of the City of Montgomery that permission to erect the building had been denied.

The agreed statement of facts concludes with the further agreement, which states:

"That petitioner and respondent agree, for the purpose of this proceeding, that if the City of Montgomery has the right and authority to define and declare the operation of slaughterhouses or abattoirs to be a public nuisance and therefore unlawful in the City of Montgomery, then and in that event, the respondent, A. J. Steinbach, had and does have a legal right to refuse to grant the building permit herein referred to, and the alternative writ hereinbefore issued in the cause be quashed; but that, if said city does not have such right and authority, then and in that event, such writ should be made peremptory."

Thus the issue tried was restricted solely to the question of the authority of the City of Montgomery City to declare slaughterhouses nuisances per se and to prohibit their construction.

As to the powers of a municipal corporation, we stated in State ex rel. Spencer v. Anderson, Mo.App., 101 S.W.2d 530, that such a corporation was but a creature or political subdivision of the State, possessing only such powers as are conferred upon it by express or implied provisions of law and with any reasonable doubt as to whether it had a given power resolved against it. Arkansas-Missouri Power Corp. v. City of Kennett, 348 Mo. 1108, 156

S.W.2d 913, loc. cit. 917; State ex rel. City of Blue Springs v. McWilliams, 335 Mo. 816, 74 S.W.2d 363; City of Meadville v. Caselman, 240 Mo.App. 1220, 227 S.W.2d 77.

The statute relied upon by the appellant as conferring power upon cities of the fourth class to prohibit slaughterhouses is Section 79.370 RSMo 1949, V.A.M.S., which reads as follows:

"Board shall regulate sanitary conditions.—The board of aldermen shall have power, by ordinance, to secure the general health of the inhabitants of the city by any measure to regulate, suppress and abate slaughterhouses, slaughtering animals, stockyards, soap and other factories, pig pens, cow stables, and other stables and dairies, and to remove the same, and to regulate or prevent the carrying on of any business which may be dangerous or detrimental to the public health, or the manufacturing or rendering of articles obnoxious to the health of the inhabitants; and to pass ordinances for the prevention of nuisances and their abatement."

It is contended that the words "regulate, suppress and abate" as used above must be construed to include the right to prohibit. The meaning of the statute, however, must be determined whenever possible by considering the words used in their plain and rational meaning. State ex inf. Rice ex rel. Allman v. Hawk, 360 Mo. 490, 228 S.W.2d 785. The words used cannot in their ordinary meaning be construed to embrace the word prohibit, for to regulate, suppress or abate are actions directed towards something in existence while to prohibit would prevent its coming into existence.

In the quoted section of the statute cities of the fourth class were given the right to prevent the operation of businesses injurious to public health and also to prevent nuisances. These provisions contained in the same section granting power to prohibit in some cases show that it was intended

that the power to prohibit should be withheld where it was not given. Consequently, it must be found that cities of the fourth class are not empowered to prohibit slaughterhouses under Section 79.370. City of St. Louis v. Boatmen's Insurance & Trust Co., 47 Mo. 150; Springfield City Water Co. v. City of Springfield, 353 Mo. 445, 182 S.W.2d 613.

The position of the city is not aided by the fact that it has the power under the statute to prevent nuisances and has declared a slaughterhouse to be a nuisance by its ordinance, for a municipal corporation has no power to declare that to be a nuisance which is not a nuisance per se or declared so by statute. City of Sturgeon v. Wabash Ry. Co., 223 Mo.App. 633, 17 S.W.2d 616; Kays v. City of Versailles, 224 Mo.App. 178, 22 S.W.2d 182. The city may, of course, under the clear power granted it, stop the operation of a slaughterhouse which is a nuisance in fact or make reasonable regulations for its operation.

It is urged that the appeal should be dismissed because appellant failed to file a motion for a new trial. The record discloses that the court first found that the respondent in mandamus had a legal right to refuse to issue a building permit. A motion for a new trial was filed and sustained. The court then set aside its former holding and took the case as again submitted on the agreed statement of facts and then found that the permit should issue and that the alternative writ of mandamus should be made peremptory. The respondent below then appealed without first filing a motion for a new trial. However, the real question here goes to the sufficiency of the evidence to support the judgment. For appellate review of this question it is not necessary that it be preserved in a motion for a new trial in a matter tried to the court. 42 V.A.M.S. Supreme Court Rule 3.23; Sec. 510.310 RSMo1949, V.A.M.S.; Johnson v. Kansas City Public Service Co., 358 Mo. 253, 214 S.W.2d 5.

For the reasons stated, it is the recommendation of the Commissioner that the motion to dismiss this appeal be overruled and the judgment affirmed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The motion to dismiss the appeal is accordingly overruled and the judgment of the circuit court affirmed.

RUDDY, Acting P. J., and SAM C. BLAIR, Special Judge, concur.