STATE ex rel. ST. LOUIS HOUSING AUTHORITY, Relator,

v.

Honorable Gary M. GAERTNER, Judge of the Circuit Court of the City of St. Louis, Respondent.

No. 66429.

Supreme Court of Missouri, En Banc.

Aug. 7, 1985.

Rehearing Denied Sept. 10, 1985.

Paul N. Venker, Gerald D. Morris, St. Louis, for relator.

James Hullverson, Jr., St. Louis, for respondent.

DONNELLY, Judge.

Relator St. Louis Housing Authority seeks a writ of prohibition to prevent respondent from proceeding against it in the underlying tort action. According to relator, Missouri's codification of the doctrine of sovereign immunity, § 537.600, RSMo 1978, restricts a circuit court's power to entertain tort claims asserted against State entities such as itself. We agree and make our provisional rule in prohibition absolute.

The underlying case is in several counts, and alleges that plaintiff Royal Matthews was shot by two security guards at the St. Louis Housing Authority's Vaughn Housing Project. Only Counts IV, V, and VI are at issue here; these allege relator St. Louis Housing Authority is liable in tort. Relator moved the trial court to dismiss on the ground that plaintiff failed to state a claim upon which relief could be granted because the Housing Authority had sovereign immunity under § 537.600, RSMo 1978. The trial court indicated its intention to overrule the motion to dismiss. Prohibition was sought and denied by the Eastern District. A similar petition was filed in this Court, and a provisional rule in prohibition was issued.

In *State ex rel. Morasch v. Kimberlin*, 654 S.W.2d 889, 891 (Mo. banc 1983), we endeavored to restrict the unfettered use of the writ of prohibition that had allowed interlocutory review of trial court error. We have since indicated that prohibition is the appropriate remedy where the court lacks jurisdiction, *State ex rel. McNary v. Hais*, 670 S.W.2d 494 (Mo. banc 1984); *State ex rel. Hannah v. Seier*, 654 S.W.2d 894 (Mo. banc 1983); or where the

court has erroneously ruled and there is no adequate remedy by appeal. *State ex rel. Scott v. Roper,* 688 S.W.2d 757 (Mo. banc 1985); *State ex rel. Woodmansee v. Appelquist,* 687 S.W.2d 176 (Mo. banc 1985); *State ex rel. Richardson v. Randall,* 660 S.W.2d 699 (Mo. banc 1983). We have indicated that claims of sovereign or official immunity have "jurisdictional aspects" and so are properly the subject of prohibition. *State ex rel. Mo. Dept. of Agr. v. McHenry,* 687 S.W.2d 178 (Mo. banc 1985); *see also State ex rel. New Liberty Hospital District v. Pratt,* 687 S.W.2d 184 (Mo. banc 1985). Of course, in any event, the issuance of the writ is in the sound discretion of the court. *Derfelt v. Yocum,* 692 S.W.2d 300 (Mo. banc 1985); *State ex rel. St. Louis County v. Stussie,* 556 S.W.2d 186, 188 (Mo. banc 1977). Accordingly, if relator's assertion that plaintiff's claims against the Housing Authority are barred by sovereign immunity is correct, we may, in our discretion, prohibit respondent from allowing further proceedings against it.

■ Sovereign immunity was reinstated by the legislature in § 537.600, RSMo 1978, following its abrogation by this Court in *Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977). Since its reinstatement, sovereign immunity has been the rule for all public entities unless a certain prescribed exception is applicable. *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864, 868 (Mo. banc 1983). Relator is a statutory municipal corporation, § 99.40, RSMo 1978, and, as such, is clothed with immunity from tort liability. *Page v. Metropolitan St. Louis Sewer District,* 377 S.W.2d 348 (Mo.1964). Respondent argues that three exceptions to immunity apply in this case.

■ Respondent first argues that § 99.-080.1(1), in creating the St. Louis Housing Authority, waived the defense of sovereign immunity by granting the authority the power "to sue and be sued." In *New Liberty, supra,* we rejected a similar argument, stating that the legislature's intent in using such language was to empower creditors and other proper claimants to sue

for debts legitimately incurred, and not to authorize a tort suit against the governmental entity. That reasoning applies here; section 99.080.1(1) does not waive sovereign immunity.

■ Respondent next employs the governmental-proprietary function distinction, contending that the Housing Authority in acting as a landlord exercises proprietary functions, which traditionally are not subject to sovereign immunity. However, by statute, the Housing Authority is granted only power to exercise "public and essential governmental functions." § 99.080, RSMo 1978. As a municipal corporation, it is a political subdivision of the State. *State ex rel. Jack Frost Abattoirs v. Steinbach,* 274 S.W.2d 588, 590 (Mo.App.1955). Powers of political subdivisions of the State are limited to those expressed or implied by statute, and any doubt should be construed against the grant of power. *Anderson v. City of Olivette,* 518 S.W.2d 34 (Mo.1975); *Steinbach, supra.* Accordingly, the Housing Authority, insofar as it established, maintains and operates the housing project, exercises only governmental functions which are traditionally subject to sovereign immunity. *Cf. New Liberty, supra* (hospital district exercises exclusively governmental functions); and *Department of Agriculture, supra* (State legislation of warehouses and grain dealers is manifestly governmental rather than proprietary).

■ Respondent's third contention is that the Housing Authority, as a municipal corporation under § 99.040, RSMo 1978, is a municipality for immunity purposes, and hence falls under the municipality waiver of § 71.185, RSMo 1978. This Court has held the Housing Authority to be a municipality for municipal cooperation agreements. *St. Louis Housing Authority v. City of St. Louis,* 361 Mo. 1170, 239 S.W.2d 289 (banc 1951). However, the term "municipality" may have different meanings in different contexts. *Cf. City of Olivette v. Graeler,* 338 S.W.2d 827, 835 (Mo.1960). While in the context of cooperation agreements, it is used in its broader sense as

synonymous with municipal corporations, *State ex rel. St. Louis Housing Authority v. City of St. Louis, supra,* in sovereign immunity contexts its meaning is narrower. *Beiser v. Parkway School District,* 589 S.W.2d 277 (Mo. banc 1979). This is because the words and structure of § 537.600 indicate the legislature's intent to reenact sovereign immunity as the rule with only limited exceptions; this imparted to us the obligation to strictly construe statutory waivers. *Bartley v. Special School District of St. Louis County,* 649 S.W.2d at 868. Applying the doctrine of strict construction to the statutory provision here, we find that the Housing Authority is not a "municipality" for the purposes of § 71.185.

In passing, respondent notes that § 34.260, RSMo Cum.Supp.1984, the dangerous act waiver of immunity, is irrelevant. Since that statute applies to insurance for State controlled vehicles, a matter not at issue in this case, respondent is correct.

■ We conclude that since there has been no waiver, relator is shielded from tort liability by the doctrine of sovereign immunity and prohibition is therefore an appropriate remedy as to Counts IV, V, and VI. In our discretion, we make the preliminary rule in prohibition absolute.

HIGGINS, C.J., and BILLINGS and WELLIVER, JJ., concur.

BLACKMAR, J., dissents in separate opinion filed.

RENDLEN, J., and LOWENSTEIN, Special Judge, dissent and concur in separate dissenting opinion of BLACKMAR, J.

ROBERTSON, J., not participating because not a member of the Court when cause was submitted.

BLACKMAR, Judge, dissenting.

The principal opinion, through a surfeit of conceptualistic analysis, unnecessarily deprives the plaintiffs in the trial court of insurance coverage which the relator undertook to furnish. I disagree, and would quash the preliminary rule.

I agree that the question of sovereign immunity is properly raised by writ of prohibition. We have recognized that *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889 (Mo. banc 1983), is not an obstacle. *State ex rel. New Liberty Hospital District v. Pratt,* 687 S.W.2d 184 (Mo. banc 1985).

The sole question before us is whether St. Louis Housing Authority is a "municipality" within the sense of § 71.185, RSMo 1978. In ruling that question, the case of *St. Louis Housing Authority v. City of St. Louis,* 361 Mo. 1170, 239 S.W.2d 289 (Mo. banc 1951) stares us in the face. There we held that the Housing Authority was a "municipality" within the compass of § 70.230, RSMo 1978. It seems only reasonable that the legislature would have had this holding in mind when, eight years later it enacted § 71.185. The principal opinion observes that such terms as "municipality" and "municipal corporation" may be construed in different ways, depending on the context. No reason is adduced as to why the Housing Authority should be held to be a municipality in 1951 for purposes of the corporation statutes, but should not be held to be a municipality in 1985 for purposes of the statutes authorizing procurement of insurance.

*Beiser v. Parkway School District,* 589 S.W.2d 277 (Mo. banc 1979), relied on by petitioner and in the principal opinion, is not at all on point, because it deals with a school district. Authorities are divided as to whether a school district is a "municipal corporation," [1] but I am aware of no case in which a school district has been held to be a "municipality." *Beiser* certainly does not

1. Municipal corporations perform many functions, as opposed to school districts, which only provide education. *Carrollton School District v. Gordon,* 133 S.W. 44 (Mo. banc 1910). School districts are public corporations. *State v. Nolte,* 350 Mo. 842, 169 S.W.2d 50 (1943). Public corporations may be municipal corporations. *State ex rel. Milham v. Rickhoff,* 633 S.W.2d 733 (Mo. banc 1982).

so hold. I never considered the *Beiser* opinion, rendered by a sharply divided court, to be a model of logic, but, be that as it may, the case is not on point here.

The end result of the principal opinion is that the relator, St. Louis Housing Authority, voluntarily chose to procure liability insurance for tort claims, but, when a suit was brought, piously asserted that it had no authority to provide this insurance. Its defense along these lines was without doubt engineered by the very insurance company which sold it the policy and collected the premium. In this situation, I would reject the holding of another sharply divided court in *Bartley v. Special School District of St. Louis*, 649 S.W.2d 864, 868 (Mo. banc 1983), to the effect that waivers of sovereign immunity are to be construed strictly. Section 71.185 should not be considered as a statute waiving sovereign immunity but rather as a statute authorizing a public agency to procure insurance. There is no need for a strict construction. If, however, a strict construction is needed, a construction which applies the most recent definition found in the case law should be strict enough.

The principal opinion, furthermore, seeks to apply the hoary "Dillon rule," in saying that doubts as to the presence of power in a municipal corporation are to be resolved *against* the existence of the power. Recent Missouri constitutional amendments appear to me to modify the Dillon rule in favor of a greater degree of municipal home rule.[2]

I would quash the provisional rule in prohibition.