Dear Mr. Hoeh:
This opinion is in response to the question of your predecessor in office asking:
 May a port authority organized under Chapter 68 RSMo. purchase real property outside of its designated boundaries, including property in an adjoining state, if it is deemed necessary to fulfill the purpose of the port authority?
We understand the following facts give rise to the question:
 The New Bourbon Regional Port Authority, consisting of Perry and Ste. Genevieve counties, bordering on the Mississippi River is considering purchasing a small amount of land across the Mississippi River in the State of Illinois to fulfill the purposes of the Port Authority. They question whether they have the authority to purchase property in another state.
Section 68.060.1, RSMo 1986, provides that a regional port authority may be formed by any combination of cities and counties individually eligible to form local port authorities pursuant to Section 68.010, RSMo 1986. This is accomplished by the legislative bodies or county commissions of the cities and counties entering into contracts with each other to create regional port districts to be administered by the regional port authority. Section 68.060.2. The contracts set the boundaries of the regional port districts and the number, method of appointment, terms, qualifications, salaries, powers and duties of the regional board of commissioners. Section 68.060.3. Those forming the regional port authority apply to the Missouri Highways and Transportation Commission for approval of the regional port authority as "a political subdivision of the state." Section 68.060.1.
Various sections in Chapter 68 set forth the powers of a regional port authority relating to the acquisition of property. Section 68.025, RSMo 1986, provides in pertinent part:
 68.025. Powers of port authority. — 1. Every local and regional port authority, approved as a political subdivision of the state, shall have the following powers to:
* * *
 (12) Acquire, own, lease, sell or otherwise dispose of interest in and to real property and improvements situate thereon and in personal property necessary to fulfill the purposes of the port authority;
 (13) Acquire rights-of-way and property of any kind or nature within its port districts necessary for its purposes. Every port authority shall have the right and power to acquire the same by purchase, negotiation, or by condemnation, and should it elect to exercise the right of eminent domain, condemnation proceedings shall be maintained by and in the name of the port authority, and it may proceed in the manner provided by the laws of this state for any county or municipality. The power of eminent domain shall not apply to property actively being used in relation to or in conjunction with river trade or commerce;
(Emphasis added.)
Section 68.030, RSMo 1986, provides:
 This state and any political subdivision or municipal corporation thereof may in its discretion, with or without consideration, transfer or cause to be transferred to any port authority or may place in its possession or control, by lease or other contract or agreement, either for a limited period or in fee, any property within a port district or any property wherever situated. Nothing in this section, however, shall in any way impair, alter or change any obligations, contractual or otherwise, heretofore entered into by said entities.
(Emphasis added.)
As a political subdivision of this state, a regional port authority's powers are "limited to those expressed or implied by statute, and any doubt should be construed against the grant of power." State ex rel. St. Louis Housing Authority v.Gaertner, 695 S.W.2d 460, 462 (Mo. banc 1985).
The provisions of Section 68.025(12) contain no limit on where the property to be acquired must be situated other than that the property must be "necessary to fulfill the purposes of the port authority." Such a provision would ordinarily mean that the regional port authority may acquire property outside of its district. Hafner v. City of St. Louis, 161 Mo. 34,61 S.W. 632, 634 (1901); McQuillin Mun Corp, Section 28.05 (3rd Ed).
Although the provisions of Section 68.025(13) limit acquisition to property within the port district, the purpose of that subdivision appears to be to limit the exercise of the right of eminent domain to property within the port authority's boundaries.
The conclusion that the regional port authority is authorized to purchase real property outside of its designated boundaries is supported by the provisions of Section 68.030
quoted above. If the legislature intended the regional port authority to own only lands within its own district, logically, the legislature would have limited transfers of real property from the state or other political subdivision to only those lands within the district of the regional port authority. In fact, before its amendment in 1979, that section did restrict transfers to a port authority of property outside its district boundaries to property to be used for administrative offices only. By removing this restriction, the legislature made Section 68.030 consistent with Section 68.025(12) regarding the location of property.
CONCLUSION
It is the opinion of this office that a regional port authority under Chapter 68, RSMo 1986, does have the authority to purchase real property outside of its designated boundaries, including property in an adjoining state, as long as it is necessary to fulfill the purposes of the port authority.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General