LAND CLEARANCE FOR REDEVELOP-
MENT AUTHORITY OF KANSAS
CITY, MISSOURI, Respondent,

v.

William F. WARIS, et al., Appellants.

No. 72008.

Supreme Court of Missouri,
En Banc.

June 19, 1990.

John B. Williams, Office of the County Counselor, William Gnofkow, Ava E. Sandage, Legal Counsel, Kansas City, for appellants.

Richard A. King, James D. Watts, M. Randall McRoberts, Kansas City, for respondent.

HIGGINS, Judge.

The question is whether the Land Clearance for Redevelopment Authority of Kansas City, Missouri, is part of the municipal structure of Kansas City, and therefore entitled to exemption from real estate taxes under article X, section 6, of the Missouri Constitution and section 137.100, RSMo 1986, as to rehabilitated property to which it holds legal title and leases to private owners of buildings on that property. The trial court declared the ownership interests of the LCRA in parcels of real estate known as the AT & T Town Pavilion and the Allis Plaza Hotel exempt from the assessment and collection of taxes by Jackson County. Affirmed.

In 1945, Missouri adopted constitutional provisions authorizing cities to use the power of eminent domain to acquire, clear and rehabilitate land in blighted areas and to grant tax abatement. Mo. Const. art. VI, § 21; Mo. Const. art. X, § 7. After the federal housing law of 1949 created urban renewal programs to assist in the subsidy of redevelopment in downtown areas, the Missouri General Assembly, in 1951, created the Land Clearance for Redevelopment Authority. §§ 99.300 et seq., RSMo 1986. The creation of LCRA was a response to the need to clear and rehabilitate blighted areas. The Vista Hotel, the predecessor of the Allis Plaza Hotel, and the AT & T Town Pavilion were developed through the cooperation of the City of Kansas City, the LCRA and private developers, aided by a federal grant. LCRA's ownership and leasing of the land parcels enabled develop-

ers to postpone land acquisition costs and use LCRA's title to the land as equity in the projects, making financing possible during a "soft" commercial real estate market in downtown Kansas City for renewing a blighted area.

The trial court found that at the time of the City's approval of the cooperative agreement between LCRA, the developers and the City, funding for the downtown real estate projects was impossible to obtain from private sources without a tangible credit enhancement; if LCRA had not owned the underlying fee and entered into ground leases with developers of both projects, blight would not have been removed, redevelopment would not have occurred, and the benefit to the public in jobs and tax dollars would not have come into existence. The court also found that LCRA's property has never made a profit or been held or used for private gain, and has served to allow development projects to go forward which otherwise would have been impossible. The court concluded that by the terms of the enabling legislation, section 99.420, RSMo 1986, the public purposes of the LCRA may be carried out by an LCRA or the city council of a city acting in its own name; LCRA performs a function of the City of Kansas City; its operations and acquisitions are funded by the City; it operates under cooperative agreements with the City stating that LCRA shall administer and carry out the redevelopment and land acquisition functions of the City, returning all surplus operating funds to the City; it is funded with tax dollars received from the City; and it is part of the municipal structure of the City and therefore enjoys the tax exemption of a political subdivision under article X, section 6, of the Missouri Constitution. Whether the commercial tenants operating commercial ventures on the ground-leased parcels are subject to taxation was not an issue before the court.

The appellant County argues LCRA, not the City, owns the property, and is similar to a housing authority, which has been held to be an independent municipality or a political subdivision of the state, rather than an agency or department of the municipality, citing *St. Louis Housing Authority v. City of St. Louis*, 361 Mo. 1170, 239 S.W.2d 289 (banc 1951), and *State ex rel. St. Louis Housing Authority v. Gaertner*, 695 S.W.2d 460 (Mo. banc 1985). The appellant also cites *State ex rel. City of St. Louis v. Ryan*, 776 S.W.2d 13 (Mo. banc 1989), where this Court held the St. Louis Housing Authority was an independent entity rather than an agency or department of the City for purposes of tort immunity. This analogy belies the statutory differences in Missouri between land clearance for redevelopment authorities and housing authorities. The housing authority statute, section 99.040, RSMo, authorizes creation of a housing authority by the local governing body, but imposes no restrictions or prerequisite approvals upon its operations or activities by the local governing body. A redevelopment authority, however, requires local governing body approval for all substantive exercise of its statutory powers. § 99.330(1), RSMo 1986. Although a housing authority is a true agency independent of the local governing body, a redevelopment authority is a subordinate body administering the details of a city or county's redevelopment policy as expressly approved by the governing body. *State ex rel. Dalton v. Land Clearance for Redevelopment Authority*, 364 Mo. 974, 270 S.W.2d 44 (1954).

The County argues that because LCRA lacks the power to tax, it is not a political subdivision under article X, section 6, of the Missouri Constitution, citing *State ex rel. Jardon v. Industrial Development Authority of Jasper County*, 570 S.W.2d 666 (Mo. banc 1978). That case considered whether the Authority was a separate entity from the governing body that created it, and therefore constitutional. This Court held the Authority lacked the power to tax, and therefore was not an "other political subdivision" under article X, section 15. That case is not apposite because the LCRA does not hold itself out to be a political subdivision in itself; rather, the trial court found that LCRA is part of the municipal structure of Kansas City, and

therefore comes under the article X, section 6, exemption.

Appellant also argues that the trial court incorrectly applied the law by holding that payment of real estate taxes by LCRA would violate the constitutional and case law of Missouri and the purposes of the Land Clearance for Redevelopment Authorities Law. On the contrary, article X, section 6, of the Missouri Constitution was enacted expressly to prevent the payment of taxes by one political subdivision to another using taxes collected from taxpayers for the public purposes of the paying jurisdiction. The trial court appropriately cited *Anderson v. Smith*, 377 S.W.2d 554, 558 (Mo.App.1964), and *State ex rel. Dalton v. Land Clearance for Redevelopment Authority*, 364 Mo. 974, 270 S.W.2d 44 (1954).

The judgment is affirmed.

All concur.