798 S.W.2d 705 (1990)
STATE ex rel. REGIONAL JUSTICE INFORMATION SERVICE COMMISSION, Relator,
v.
The Honorable Milton A. SAITZ, Judge, Circuit Court, St. Louis County, Respondent.
No. 72702.
Supreme Court of Missouri, En Banc.
November 20, 1990.
Mark E. Lawson, Michael J. Pitzer, St. Louis, for relator.
Richard L. Swatek, Gary R. Sarachan, St. Louis, for respondent.
*706 BILLINGS, Judge.
Relator Regional Justice Information Service Commission (REJIS) seeks a writ of prohibition to prevent respondent, the Honorable Milton A. Saitz of the St. Louis County Circuit Court, from overruling its motion for summary judgment. Because the Court holds REJIS is cloaked with sovereign immunity the preliminary order in prohibition is made absolute.
REJIS was added as a defendant in the underlying wrongful death action for its alleged failure to provide information to co-defendants Condominium Property Management, Inc., and Shaw Park Place Condominium Association, concerning the criminal record of a maintenance person hired by the latter two. REJIS sought summary judgment. Respondent indicated he would overrule the motion unless directed otherwise. Thereafter, REJIS sought prohibition in the court of appeals, which was denied. The present proceeding followed.
Improper joinder of a defendant protected by sovereign immunity has jurisdictional aspects. State ex rel. St. Louis Housing Authority v. Gaertner, 695 S.W.2d 460, 462 (Mo. banc 1985), and State ex rel. Allen v. Barker, 581 S.W.2d 818, 824 (Mo. banc 1979). It is axiomatic that prohibition is an appropriate remedy for a court's improper exercise of jurisdiction, although it is also true that "issuance of the writ is in the sound discretion of the court." St. Louis Housing Authority, 695 S.W.2d at 461-62. However, no purpose would be served by further development of the record at trial with regard to REJIS. State ex rel. Missouri Department of Agriculture v. McHenry, 687 S.W.2d 178, 181 (Mo. banc 1985). Prohibition is therefore appropriate.
The law of sovereign immunity in Missouri has been codified. Section 537.600, RSMo 1986, and RSMo Supp.1990. Subsection 1 mandates recognition of sovereign immunity as it existed prior to September 12, 1977. Prior to that date, immunity of the sovereign was the rule, not the exception. Bartley v. Special School District of St. Louis County, 649 S.W.2d 864, 868 (Mo. banc 1983).
For clarification, the Court notes that the legislature's passage of § 537.600, RSMo 1978, introduced the phrase "public entity" to the lexicon of this area of jurisprudence. Not statutorily defined, the phrase has engendered confusion, State ex rel. Trimble v. Ryan, 745 S.W.2d 672, 674, n. 2 (Mo. banc 1988) (citing Counts v. Morrison-Knudsen, Inc., 663 S.W.2d 357, 361 n. 2 (Mo.App.1983)), in an area already riddled by pitfalls of terminology. State ex rel. St. Louis Housing Authority v. Gaertner, 695 S.W.2d 460, 462-263 (Mo. banc 1985) ("municipality" versus "municipal corporation"), and Counts, 663 S.W.2d at 362, n. 3 ("governmental" versus "proprietary" function).
Because § 537.600 mandates restoration of sovereign immunity as it existed prior to September 12, 1977, and because "public entity" was not a term of art prior to that time, the Court must first determine whether REJIS is an entity of the sovereign. REJIS is a unique creature to have emerged from the legislature's primordial soup, therefore a brief examination of its genesis is appropriate.
Missouri's Constitution empowers "any municipality or political subdivision of this state [to] contract and cooperate with other municipalities or political subdivisions ... for the planning, development, construction, acquisition or operation of any public improvement or facility, or for a common service, in the manner provided by law." Art. VI, § 16. In the 1940's, the legislature promulgated the enabling statutes, §§ 70.210-.320, RSMo 1986. Specifically, § 70.260 provides for the establishment of a joint commission.
In 1975, the City of St. Louis and St. Louis County enacted ordinances to establish such a joint commission, REJIS. The purpose of the commission, as stated in the ordinances and REJIS' subsequently adopted bylaws, is to coordinate a regional database of criminal arrests and dispositions, so as to promote efficient law enforcement and administration of criminal justice. "REJIS, Inc.," a not-for-profit corporation that had been operating the criminal *707 justice database, was also dissolved when the ordinances were enacted.
REJIS' bylaws, as required by its enabling ordinances, include an employment policy intended to conform with concepts of due process, and provisions for an annual audit, for adherence to state and federal laws regarding individuals' right to privacy, and for submission of its annual budget to the St. Louis mayor and County executive for their comment.
User fees and federal grants generate REJIS' income. Authorized units of state and local government may pay user fees to subscribe to REJIS' service, but the public has no access to the service. REJIS receives no tax support.
The foregoing history indicates REJIS has substantial governmental authority and power, and leads to the conclusion that REJIS is in fact a sovereign entity. State ex rel. Trimble v. Ryan, 745 S.W.2d 672, 674 (Mo. banc 1988). In Trimble, the Court faced a similar situation and determined that the Bi-State bus system, a creature created by compact between Missouri and Illinois pursuant to § 70.370 et seq., RSMo 1986, was also an entity protected by sovereign immunity (although subject to a statutory exception).
The present facts more strongly compel the conclusion that REJIS is a sovereign entity, in that law enforcement and the administration of the criminal justice system are within the exclusive police power of the State; public transportation is not. Moreover, the efficient flow of justice, given the present reality of strained resources, is essential to the health, welfare and safety of all. See Page v. Metropolitan St. Louis Sewer District, 377 S.W.2d 348, 353 (Mo.1964), and Roberts v. City of Maryville, 750 S.W.2d 69, 71-72 (Mo. banc 1988). Any entity, apart from a municipality, which "operates under the police power of the state in the interest of the public health, safety and ... welfare is in effect an arm of the state exercising exclusively governmental functions, ... and is therefore immune from liability for neglect in the performance of those functions." State ex rel. New Liberty Hospital District v. Pratt, 687 S.W.2d 184, 186 (Mo. banc 1985).
REJIS cannot be characterized as a municipality. Municipalities have traditionally enjoyed only partial sovereign immunity. That is, they are immune from suit for torts arising from their governmental functions, but not for torts arising from their proprietary functions. Trimble, 745 S.W.2d 672, 673-74. Confusion arises because such a partially protected municipality is also a municipal corporation, but not all municipal corporations are municipalities for sovereign immunity purposes. Beiser v. Parkway School District, 589 S.W.2d 277, 280 (Mo. banc 1979). In the context of sovereign immunity analysis, "municipalities" include only cities, towns or villages that are incorporated, Metropolitan St. Louis Sewer District, 377 S.W.2d 348, 352, and D'Arcourt v. Little River Drainage District, 212 Mo.App. 610, 245 S.W. 394, 396 (1922), but not "municipal corporations" in the broader sense of sewer districts or hospital districts, for example, which are entitled to the full protection of sovereign immunity. Metropolitan St. Louis Sewer District, 377 S.W.2d at 352, and New Liberty Hospital District, 687 S.W.2d at 186. Compare St. Joseph Light & Power Co. v. Kaw Valley Tunnelling, Inc., 589 S.W.2d 260 (Mo. banc 1979).
Additionally, although the definition of the term, "municipality" varies depending on the context in which the term is used, State ex rel. Milham v. Rickhoff, 633 S.W.2d 733, 735 (Mo. banc 1982), by the legislature's enactment of § 537.600, the Court is constrained to define it narrowly. State ex rel. St. Louis Housing Authority v. Gaertner, 695 S.W.2d 460, 463 (Mo. banc 1985). REJIS is not an incorporated city, town or village. The governmental-versus-proprietary distinction is therefore inapplicable in the present case, and at this point in the analysis, REJIS is presumed to be fully cloaked in sovereign immunity.
In 1989, the legislature amended § 70.260, adding subsections 2 through 4. A new provision indicates, "Any ... commission created pursuant to this section shall be a separate legal entity and shall *708 constitute a body corporate and politic...." Section 70.260.2. Several powers were enumerated, including the power to sue and be sued, to hold corporate property, to make contracts, to have and use a corporate seal, to issue bonds and notes, as well as any powers reasonably necessary to perform its functions under the contract. Section 70.260.2. Debts of the commission are chargeable to the commission alone, § 70.260.3, but any property held by the commission becomes property of the cooperating political subdivisions or municipalities upon the commission's dissolution. Section 70.2604.
Whether § 70.260, as amended, applies retrospectively to REJIS for purposes of the wrongful death suit does not alter the result. Even if the statute operates retrospectively, the Court has rejected before respondent's argument that statutory language authorizing a sovereign entity to "sue and be sued" must operate as a waiver to sovereign immunity. St. Louis Housing Authority, 695 S.W.2d at 462, and New Liberty Hospital District, 687 S.W.2d at 186-87. Compare, Metropolitan St. Louis Sewer District, 377 S.W.2d at 352. Any purported statutory waiver of sovereign immunity must be clear on its face. See, New Liberty Hospital District, 687 S.W.2d at 186-87. No clear waiver is present here.
Further, in other cases, statutory enabling language similar to § 70.260, as amended, has not operated to change the nature of an immune sovereign entity into a private one, or into a "municipality" subject to the governmental-versus-proprietary function distinction. Trimble, 745 S.W.2d at 672 (§ 70.370 et seq., RSMo 1986); St. Louis Housing Authority, 695 S.W.2d 460 (§ 99.080, RSMo 1978); New Liberty Hospital District, 687 S.W.2d at 184 (§§ 206.010.2, 206.110, and 206.120 (1978)); and Lamar v. Bolivar Special Road District, 201 S.W. 890 (Mo.1918) (§ 10577, RSMo 1909).
Citing Pacific Intermountain Express Co. v. Best Truck Lines, Inc., 518 S.W.2d 469 (Mo.App.1974), respondent also argues REJIS has held itself out as a quasi-corporation, is estopped from denying its corporate existence, and is therefore subject to suit. Whether REJIS undertook to "assume, continue and perform the obligations" of its predecessor, REJIS, Inc., and whether persons relied on that undertaking, however, is of no consequence for sovereign immunity purposes. Indeed, even if REJIS is a corporation proper, the result is the same. St. Louis Housing Authority, 695 S.W.2d at 460. Abrogation of sovereign immunity flows from the consent of the legislature, not from the state's agents. New Liberty Hospital District, 687 S.W.2d at 187. As noted above, no clear abrogation exists here.
Finally, the fact that REJIS sustains itself with user fees, in part, rather than receiving tax support does not alter the holding. REJIS' sovereign character "does not evaporate [because it] charges for its services." New Liberty Hospital District, 687 S.W.2d at 187.
The final prong of analysis is to examine whether any waiver exists which strips REJIS of its presumptive immunity. Any waiver under the present facts "must be found within one of the exceptions to sovereign immunity created by § 537.600 et seq....." Bartley v. Special School District of St. Louis County, 649 S.W.2d at 868 (Mo. banc 1983). Respondent does not argue that REJIS falls within any of the exceptions, and indeed, REJIS does not.
Because REJIS is cloaked with sovereign immunity and there has been no waiver, the Court's preliminary order in prohibition is made absolute.
All concur.