The Honorable John F. Bass Senator, District 4 State Capitol Building, Room 220 Jefferson City, Missouri 65101
Dear Senator Bass:
This opinion letter is in response to your question asking:
 Is the St. Louis Housing Authority subject to the state purchasing requirements of Chapter 34, RSMo?
In your request for an opinion you state:
 The St. Louis Housing Authority is a municipal corporation created pursuant to Chapter 99, RSMo [1986] for the purpose of providing low income and moderate income housing to residents of the City of St. Louis. The St. Louis Housing Authority is totally funded by rental income received from its property and federal funds through the U.S. Department of Housing and Urban Development. No general revenue funds for the State of Missouri are currently appropriated to fund the St. Louis Housing Authority's on-going operations.
We assume the St. Louis Housing Authority does not have a cooperative agreement with the State Division of Purchasing or other state agencies pursuant to the State-Local Technical Services Act, Sections 67.330 to 67.390, RSMo 1986.
Chapter 34, RSMo, contains the Missouri Purchasing Law. Section 34.030, RSMo 1986, provides as follows:
 34.030. Shall purchase all supplies and lands. — The commissioner of administration shall purchase all supplies for all departments of the state, except as in this chapter otherwise provided. The commissioner of administration shall negotiate all leases and purchase all lands, except for such departments as derive their power to acquire lands from the constitution of the state. [Emphasis added.]
Section 34.010.2, RSMo 1986, provides the following definition:
 2. The term "department" as used in this chapter shall be deemed to mean department, office, board, commission, bureau, institution, or any other agency of the state, except the legislative and judicial departments.
Section 99.040, RSMo 1986, provides for the creation of housing authorities as follows, in pertinent part:
 99.040. Creating a housing authority — need of, how determined. — 1. In each city (as herein defined) and in each county of the state there is hereby created a municipal corporation to be known as "the housing authority" of the city or county; . . . .
* * *
The Missouri Supreme Court has concluded that the St. Louis Housing Authority, as a municipal corporation, is also a political subdivision of the state. State ex rel. St. LouisHousing Authority v. Gaertner, 695 S.W.2d 460, 462 (Mo. banc 1985); State ex rel. City of St. Louis v. Ryan, 776 S.W.2d 13,16 (Mo. banc 1989).
The authority does not fall within the definition of "department" as provided in Section 34.010.2 since that definition does not include municipal corporations or political subdivisions of the state. In general, Chapter 34, RSMo, imposes certain duties upon the Commissioner of Administration with respect to purchases of goods or services for state departments and agencies. Certain provisions impose requirements upon state departments and agencies with respect to cooperating with the Commissioner of Administration. The chapter as a whole does not apply to political subdivisions or municipal corporations, such as the St. Louis Housing Authority; however, certain sections expressly apply to political subdivisions. For example, Chapter 34, RSMo, specifically includes the term "political subdivision" in Sections 34.073 and34.076, RSMo 1986, which allow or require a preference to be given to Missouri businesses under certain circumstances.
The term "political subdivision" also appears in new sections added pursuant to House Committee Substitute for Senate Substitute for Senate Committee Substitute for Senate Bills Nos. 808 and 672, 85th General Assembly, Second Regular Session (1990), which became effective August 28, 1990. This bill contains new provisions which will be codified as Sections34.057 and 34.058, RSMo. Section 34.057.1, RSMo, as enacted by this bill, provides:
 1. Unless contrary to any federal funding requirements or unless funds from a state grant are not timely received by the contracting public municipality but notwithstanding any other law to the contrary, all public works contracts made and awarded by the appropriate officer, board or agency of the state or of a political subdivision of the state or of any district therein, including any municipality, county and any board referred to as the public owner, for construction, reconstruction or alteration of any public work project, shall provide for prompt payment by the public owner to the contractor and prompt payment by the contractor to the subcontractor and material supplier . . . . [Emphasis added.]
The remaining subsections set forth specific requirements for complying with the above mandate. Section 34.058.1, RSMo, as enacted by this bill, provides:
 1. As used in this section, the term "public works contract" means a contract of the state, county, city and other political subdivisions of the state, except the Missouri Highway and Transportation Department, for the construction, alteration, repair or maintenance of any building, structure, highway, bridge, viaduct, pipeline, public works, or any other works dealing with construction, which shall include, but need not be limited to moving, demolition, or excavation performed in conjunction with such work. [Emphasis added.]
The rest of Section 34.058 renders void any clause in a public works contract which purports to limit or eliminate legal and equitable rights of the contractor with respect to delays in performing the contract which are caused by the contracting public entity, with certain limitations. These new sections of Chapter 34, RSMo, apply to the St. Louis Housing Authority as a political subdivision.
In summary, Chapter 34, RSMo, as a whole does not apply to the St. Louis Housing Authority; however, certain sections within the chapter do apply.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General