The Honorable Peter D. Kinder Senator, District 27 State Capitol Building Jefferson City, Missouri 65101
Dear Senator Kinder:
This opinion responds to your question asking:
 May the Southeast Missouri Regional Port Authority, a political subdivision of the state of Missouri established under Chapter 68, RSMo, organize and wholly own a not-for-profit Missouri corporation for the purposes of seeking donations (equipment or money) that will benefit the Port Authority? (Can the Port set up a corporation that will act as a foundation?)
Chapter 355[1] sets forth the general not for profit corporation law. Not for profit corporations issue no stock and, therefore, are not "owned." Section 355.020.1 (2)(b). Such corporations may have members. Section 355.181. Only "individuals" or "natural persons" may act as incorporators. Sections 355.096.1 and 355.066 (19). Likewise, only individuals or natural persons may act as such corporation's directors. Sections 355.066 (9) and 355.321. Therefore, the Port Authority, as a political subdivision, can neither "own" nor organize any such corporation. However, individuals who support the Port Authority could organize such corporation.[2] See Section355.025 setting forth the purposes for which a not for profit corporation may be formed and Section 355.131 authorizing such corporation to make donations.
Sections 68.010, et seq., authorize port authorities. Section68.025 sets forth their powers to, among other things:
 (15) Accept gifts, grants, loans or contributions from the United States of America, the state of Missouri, political subdivisions, municipalities, foundations, other public or private agencies, individual, partnership or corporations[.]
"[A] regional port authority's powers are `limited to those expressed or implied by statute, and any doubt should be construed against the grant of power.'" Attorney General Opinion No. 15-87 (quoting State ex rel. St. Louis Housing Authority v.Gaertner, 695 S.W.2d 460, 462 (Mo. banc 1985)). We conclude that § 68.025 (15) expressly empowers the Port Authority to accept contributions from a not for profit corporation. Therefore, if a not for profit corporation was organized to support the Port Authority, the Port Authority could accept donations from that corporation.
CONCLUSION
It is the opinion of this office that a not for profit corporation may be organized under Chapter 355, RSMo 1994, to solicit donations on behalf of a port authority established under Chapter 68, RSMo 1994, and the port authority may accept those donations.
very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] All statutory references are, unless otherwise noted, to the 1994 Revised Statutes of Missouri (RSMo).
[2] We do not address the status of such corporation for purposes of federal tax law or the deductibility of any donations to it.