The Honorable Gary Wiggins State Representative, District 8 State Capitol Building Jefferson City, Missouri 65101
Dear Representative Wiggins:
This opinion responds to your question asking:
 Can the board of the Macon County central dispatch of emergency services appoint from its members a treasurer to administer its funds?
You report that the Macon County 911 Board is operating under a three eighths percent sales tax adopted in November 1994 and earmarked for the board's use. That board desires to elect a treasurer to disburse that sales tax revenue on its behalf. Macon County is a third-class county.
Sections 190.300[1] through 190.337 authorize the formation and funding of boards to administer the central dispatching of emergency services. Section 190.335 authorizes any county to impose a sales tax of up to one percent to provide central dispatching of emergency services and authorizes a board "to administer the funds and oversee the provision of emergency services in the county." That sales tax is in lieu of another tax: the emergency telephone service tax that § 190.305
authorizes. Section 190.335.1. Section 190.335.5 states that the provisions of §§ 32.085 and 32.087 apply to the sales tax authorized by § 190.335. Sections 32.085 and 32.087 impose upon the Missouri Director of Revenue the duty to collect, account for, and distribute that sales tax and to secure a bond in connection with those duties.
Political subdivisions' powers are limited to those expressed or implied by statute, and any doubt should be construed against the grant of power." State ex rel. St. LouisHousing Authority v. Gaertner, 695 S.W.2d 460, 462 (Mo. banc 1985). Section 190.335 is silent on whether the central dispatch board may appoint or elect a treasurer to distribute the special sales tax revenues. County treasurers typically disburse all county funds. Section 54.140. Section 54.070 requires each county treasurer to post a bond to secure the "faithful performance of the duties of his office." We conclude that the legislature did not intend to confer upon the central dispatch board in question the power to appoint or elect a treasurer to distribute its revenues. In so concluding, we rely on the legislature's express grant of such power to a similar board and its failure to do so for the board in question.
Section 190.309, RSMo Supp. 1995, creates an Emergency Telephone Service 911 Board for a certain third-class county; Macon County is not that county.[2] Subsection 8 of §190.309 provides that the board shall have exclusive control "of all tax revenues collected by the county on behalf of the emergency telephone 911 services."[3] Under § 190.309, that board may, among other things, receive the emergency telephone service tax and authorize disbursements of it. Subsection 5 of § 190.309 authorizes that board to elect, among others, a treasurer, who shall first furnish a surety bond for "the faithful performance of his duties and faithful accounting of all moneys that may come into his hands."
The legislature expressly provided for the election of a treasurer in the instance of the 911 board that § 190.309, RSMo Supp. 1995, creates. However, the legislature made no such provision for central dispatch boards under § 190.335. Had the legislature intended to authorize § 190.335's central dispatch boards to appoint or elect treasurers to distribute the board's special sales tax revenues, we believe that it would have expressly provided for a treasurer, like it did in § 190.309, RSMo Supp. 1995. We further conclude that it would have required any such treasurer to secure a bond, like it requires the Director, the county treasurers, and the § 190.309 board's treasurer to do. Accordingly, the Macon County 911 Board has no authority to appoint or elect a treasurer to disburse the board's special central dispatch sales tax funds.
This opinion is in accord with Attorney General Opinion No. 99-83, a copy of which we enclose.
CONCLUSION
It is the opinion of this office that the board created under § 190.335 to administer a county's central dispatch of emergency services has no authority to appoint or elect from its members a treasurer to disburse funds received from the special sales tax that § 190.335 authorizes the county to impose.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosure:
[1] All statutory references are, unless otherwise indicated, to the 1994 Revised Statutes of Missouri (RSMo).
[2] That law applies only to a third-class county having a population between 25,000 and 29,000 people, containing a national landmark, and adjoining exactly four other third-class counties, all of which have populations between 6,000 and 11,000 people. Section 190.309.1, RSMo Supp. 1995. Although Macon county is a third-class county, it does not meet the other criteria.
[3] Section 190.305 authorizes the legislative body of a city or county to levy an emergency telephone service tax on telephone service charges to pay for the operation of an emergency telephone service (911 service).