The Honorable Charles Ballard State Representative, District 140 State Capitol Building Jefferson City, Missouri 65101
Dear Representative Ballard:
This opinion is in response to your question asking:
 May the City of Marshfield, Missouri (4th Class City) convey to the Webster County Historical Society, a Missouri not-for-profit corporation which was formed for the purposes set forth in Section 352.040, RSMo, and which has elected to provide in its Articles of Agreement the provisions of Section 352.040, RSMo, for nominal consideration, a lot upon which is located a Carnegie library building which is no longer being used as a library, for the purpose of establishing a historical museum for public use without violating Article VI, Section 23 of the Constitution of Missouri?
Your question as to whether the City of Marshfield, a city of the fourth class, can convey land that it owns to a private corporation involves both constitutional and statutory provisions.
Prior to addressing the constitutional considerations, there is the matter of statutory authority for the city to act. As a fourth class city, the City of Marshfield can exercise the following powers, and no others: "(1) Those granted in express words; (2) those necessarily or fairly implied in, or incident to, the powers expressly granted; (3) those essential to the declared objects and purposes of the [municipal] corporation — not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the [municipal] corporation, and the power is denied." State ex rel. Mitchell v. City of Sikeston, 555 S.W.2d 281,288 (Mo. banc 1977)(quoting Taylor v. Dimmitt, 78 S.W.2d 841,843 (Mo. 1934) (emphasis in original)); accord State ex rel.St. Louis Housing Authority v. Gaertner, 695 S.W.2d 460, 462 (Mo. banc 1985).
Sections 79.010 and 79.390, RSMo 1994, provide statutory authority for a fourth class city to dispose of property. Section79.010 provides in relevant part:
 Any city of the fourth class in this state . . . may receive and hold property, both real and personal, within such city . . .; and may purchase, hold, lease, sell or otherwise dispose of any property, real or personal, it now owns or may hereafter acquire; . . . . [Emphasis added].
Section 79.390 provides in relevant part:
 The board of aldermen . . . may also provide for the erection, purchase or renting of the city hall, workhouse, houses of correction, prisons, engine houses, and any and all other necessary buildings for the city, and may sell, lease, abolish or otherwise dispose of the same, and may enclose, improve, regulate, purchase or sell all public parks or other public grounds belonging to the city, . . . . [Emphasis added].
These sections provide statutory authority for the city to convey property.
In the situation about which you are concerned, there will be nominal consideration for the conveyance so constitutional provisions must also be considered, as such a transaction will essentially be a grant of public property. Article VI, Section 23
of the Missouri Constitution provides:
 No county, city or other political corporation or subdivision of the state shall own or subscribe for stock in any corporation or association, or lend its credit or grant public money or thing of value to or in aid of any corporation, association or individual, except as provided in this constitution.
Article VI, Section 25 of the Missouri Constitution provides, in relevant part:
 No county, city or other political corporation or subdivision of the state shall be authorized to lend its credit or grant public money or property to any private individual, association or corporation except . . . [with exceptions].
These constitutional provisions prohibit a city from granting public money or things of value to any corporation or association with certain exceptions. There is no exception in these constitutional provisions for the property conveyance under consideration.
The constitutional prohibitions against political subdivisions of the state granting public money or property to private entities may not be violated when money and property are expended or utilized for a "public purpose." City of Sikeston,555 S.W.2d at 291; State ex rel. Farmers' Electric Cooperative,Inc. v. State Environmental Improvement Authority, 518 S.W.2d 68,74 (Mo. banc 1975). The public purpose exception was discussed inSt. Louis Children's Hospital v. Conway, 582 S.W.2d 687 (Mo. banc 1979). The not-for-profit private hospital wanted to expand over a portion of a public street. The City of St. Louis essentially granted that part of the street to the hospital for nominal consideration, requiring that the hospital grant back a perpetual surface easement to the city. The Missouri Supreme Court addressed whether this transaction violated the Missouri Constitution, including Sections 23 and 25 of Article VI. As for the public purpose exception, the hospital argued that the public benefited substantially from the hospital, especially via free medical services frequently provided to children. The court, in rejecting this argument, stated:
 And with all due respect for the special services rendered to children by the instant hospital, it must be observed that other private corporations also render benefits to the communities in which they are situated. But those benefits cannot be utilized to convert a private corporation or association into a public corporation for the purpose of allowing a municipal government to give its property away without, in effect, completely obliterating the prohibition against giving public property to private persons or associations as provided in our constitution. Id.
at 690.
The court concluded that the "gift of this real property by the city to a private institution cannot be approved in view of the prohibitions contained in . . . and art. 6, secs. 23 and 25, Mo. Const., which prohibits the giving away of public property to a private association or corporation." Id. at 691. Therefore, we conclude that the conveyance of the property for nominal consideration from the City of Marshfield to a not-for-profit corporation for the purpose of establishing a historical museum would violate Article VI, Sections 23 and 25 of the Missouri Constitution.
This conclusion is consistent with prior opinions of the Missouri Attorney General. Of particular interest is Opinion No. 9, Antonio, 1979. Relying in part on the constitutional provisions quoted above, this office opined that a third class city could not provide free space to a chamber of commerce or a state license fee agent, could not rent office space to a state license fee agent for less than the reasonable rental value of the space, and could not donate money to various private entities (day care center, senior citizen group, mental health association). See also Opinion Letter No. 88, Sharpe, 1981 (the City of Hannibal does not have authority to make grants to Senior Citizen Center, Inc. — Mark Twain, a not-for-profit corporation); Opinion Letter No. 69, Marshall, 1974 (the City of Ashland may not appropriate funds for Ashland Day Care Center, a not-for-profit corporation); and Opinion Letter No. 88, Baker, 1978 (a third class county could not give three ambulances to an ambulance district but the county was obligated to get the best price for the ambulances). A copy of each of the prior Attorney General opinions referred to above is enclosed.
In your question you refer to the corporation as having provided in its Articles of Agreement the provisions of Section352.040, RSMo.[1] Section 352.040, RSMo 1994, provides in part in subsection 1 that "this section shall apply only, and it is hereby expressly limited, to such association or society as may be formed for the purpose of promoting historical studies or natural science, of establishing a museum, library or an art gallery, such educational and scientific purposes being chiefly for the advantage of the public where such corporation is located." Such section further provides in subsection 3 that "[i]f any such corporation dissolve, its property shall be vested in the city or town in which such corporation is located, to be taken and held for the benefit of the people of such city or town, to the same purposes, uses and trusts as such property was held by such corporation." We do not see these characteristics as creating an exception to the prohibitions of Sections 23 and 25
of Article VI of the Missouri Constitution.
CONCLUSION
It is the opinion of this office that the conveyance of property for nominal consideration from a fourth class city to a not-for-profit corporation for the purpose of establishing a historical museum would violate Article VI, Sections 23 and 25 of the Missouri Constitution.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosures
[1] We understand the not-for-profit corporation which is the subject of your question is organized under Chapter 355, RSMo. You state the corporation has provided in its Articles of Agreement the provisions of Section 352.040. Because of the conclusion we reach, it is unnecessary to address the relationship between Chapter 355 and Section 352.040.