Mason R. Gebhardt Howard County Prosecuting Attorney 113 North Main Fayette, MO 65248
Dear Mr. Gebhardt:
This letter is written in response to your request for an opinion whether a county commission can dissolve levee districts formed by the county commission in order to consolidate them into one district. For the reasons stated below we do not believe that county commissions have that authority.
Levee districts can be formed either by petitioning the circuit court (Section 245.015-.025 RSMo) or by creation by a county commission (Section 245.290 RSMo 1994). There is a specific statutory authority for the dissolution of districts formed by petition, Section 245.275 RSMo 1994, but no provision for dissolving those formed by a county commission.
A levee district formed by a county commission is a body corporate and a political subdivision of this state. Section245.290 RSMo 1994. A political subdivision of the state possesses only such powers as are conferred on it by express or implied provisions of the law. State vs. Steinbach, 274 S.W.2d 588
(Mo.App. 1955). Implied powers are those essential to the declared objects and purposes of the political subdivision; "essential" is used in the sense of "indispensable" and not merely convenient.State vs. McReynolds, 193 S.W.2d 611 (Mo. 1946).
The law regarding the dissolution power of political subdivisions may be found in those cases concerning the power of dissolution or disincorporation of municipal corporations. A municipal corporation is but a political subdivision of the state.State vs. Anderson, 101 S.W.2d 530 (Mo.App. 1937); State vs.Ferguson, 65 S.W.2d 97, (Mo. 1934), cert. denied 291 U.S. 682.
The general law of Missouri relating to the power of a municipal corporation to disincorporate is stated in In Re City ofKinloch, 242 S.W.2d 59, 62 (Mo. 1951):
 A municipal corporation when once incorporated can only become disincorporated by resorting to the proceedings pointed out by statute.
That general rule was reiterated with approval in Anderson vs.Smith, 377 S.W.2d 554 (Mo.App. 1964). The Smith case involved a fact situation where Columbia, Missouri, had voted for and passed the "Land Clearance for Redevelopment Authority Law," Section99.300, RSMo Cum. Supp. 1965, et seq. Subsequently, an ordinance containing an initiative petition was submitted to the vote of the people to repeal the Redevelopment Authority ordinance. In holding that the initiative process was inapplicable, the court stated, 1.c. 560:
 * * * The statute before us does not provide a prescribed manner for dissolving this public corporation thusly created, once empowered to exercise the power set out in state statute, regardless of the size of the city or county in which it was created. Created as it was, by the State Legislature, and designed to carry out a declared public policy of the legislature, it would seem to be the intent of the statute that this public corporation would not be dissolved except at such time and in such manner as its creator, the State Legislature, shall determine and provide. * * *
This office has issued opinions that soil and water conservation subdistricts, nursing home districts, hospital districts, and sewer districts cannot dissolve without specific statutory authority, and, upon those entities obtaining such authority, this office has withdrawn the opinions. Attorney General Opinions 72-1963, 262-1968, 42-1963, 394-1965, and 88-1962.
 CONCLUSION
It is therefore the conclusion of this office that a levee district created under Section 245.290 RSMo is a political subdivision of the State of Missouri and as such has no power to dissolve in the absence of statutory authority providing for such dissolution.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General